PEOPLE v GIVENS

CONSTITUTIONAL LAW—TRIAL—TRIAL BY JURY—RIGHT TO TESTIFY—
INSTRUCTING DEFENDANT—COURTS—PRESUMPTIONS.

A trial judge is not required to advise a defendant who is represented at trial by competent counsel that the defendant has a right to testify in his own defense; the Court of Appeals will not presume that a defendant who was represented by counsel and who chose not to testify at his own trial was not adequately informed of his right to testify.

Appeal from Genesee, Philip C. Elliott, J. Submitted Division 2 February 6, 1975, at Lansing. (Docket No. 19245.) Decided March 11, 1975.

Maurice A. Givens was convicted of armed robbery. Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *Robert F. Leonard,* Prosecuting Attorney, *Donald A. Kuebler,* Chief, Appellate Division, and *F. Jack Belzer,* Assistant Prosecuting Attorney, for the people.

*George Killeen,* for defendant on appeal.

Before: BASHARA, P. J., and R. B. BURNS and M. J. KELLY, JJ.

M. J. KELLY, J. Defendant was charged with, and convicted of, armed robbery. MCLA 750.529; MSA 28.797. Throughout the proceedings he was repre-

REFERENCES FOR POINTS IN HEADNOTE
16 Am Jur 2d, Constitutional Law §§ 574, 578, 579.
29 Am Jur 2d, Evidence §§ 362, 364.

sented by competent appointed counsel. On appeal, he alleges as error the failure of the trial judge to specifically advise defendant of his right to testify in his own defense.

We find no authority holding that where a defendant is convicted after not taking the stand, he is entitled to reversal unless the record shows his awareness of the right to testify. We are unwilling to extend the guilty plea procedures required by GCR 1963, 785.7(1)(d)(iv) to a jury trial. The court rule is designed to assure that a defendant pleading guilty is aware of the full panoply of rights he is foregoing. We refuse to presume that trial counsel failed to communicate those rights to defendant. We conclude, rather, that the decision not to take the stand was a calculated trial tactic. The trial judge's duty is to fairly preside over the proceedings, not to second-guess the strategy of defense counsel.

Affirmed.