PEOPLE v WILLIAMS

1. HOMICIDE—PLEA OF GUILTY—PLEA BARGAINING—BREAKING AND
   ENTERING—FELONY MURDER.
   A defendant who was charged with assault with intent to commit
   murder, armed robbery, and breaking and entering an occupied
   dwelling, and who pled guilty, as a result of a plea bargain, to
   the charge of breaking and entering and later, after the victim
   died, was charged with felony murder and entered into plea
   bargaining on that charge, with full awareness of the earlier
   plea bargain, thereby waived any claim that his plea-based
   conviction of second-degree murder violated the terms of the
   earlier plea bargain.

2. CRIMINAL LAW—DOUBLE JEOPARDY—SAME TRANSACTION—EXCEP-
   TIONS—INCOMPLETE CRIME—HOMICIDE.
   The "same transaction" test for double jeopardy does not bar
   prosecution for all crimes committed during one criminal trans-
   action, complete and incomplete, discovered and undiscovered,
   once a person has been convicted of a crime arising out of that
   criminal episode; thus, an exception to the test allows prosecu-
   tion of a defendant for murder after he has been convicted of
   another offense arising from the same transaction where the
   victim did not die until after the first conviction.

Appeal from Wayne, Charles Kaufman, J. Sub-
mitted Division 1 December 2, 1974, at Detroit.
(Docket No. 19224.) Decided June 9, 1975.

Edward C. Williams was convicted, on his plea

REFERENCES FOR POINTS IN HEADNOTES
[1] 29 Am Jur 2d, Evidence § 558 *et seq.*
[2] 21 Am Jur 2d, Criminal Law §§ 185–189.
   Due process as violated by successive state criminal trials for single
   offense or for multiple offenses of the same character, committed
   simultaneously—Supreme Court cases. 2 L Ed 2d 2020.
   Acquittal on homicide charge as bar to subsequent prosecution for
   assault and battery or vice versa. 37 ALR2d 1068.

of guilty, of second-degree murder. Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Patricia J. Boyle,* Principal Attorney, Research, Training and Appeals, and *Arthur N. Bishop,* Assistant Prosecuting Attorney, for the people.

*Lawrence R. Greene,* for defendant on appeal.

Before: Lesinski, C. J., and V. J. Brennan and Peterson,* JJ.

V. J. Brennan, J. Defendant, Edward C. Williams, was charged with felony murder (MCLA 750.316; MSA 28.548) in connection with the death of Alfred Glancy. On September 7, 1973 defendant pled guilty to the added count of second-degree murder (MCLA 750.317; MSA 28.549) and was sentenced to from 10 to 15 years in prison. He now appeals presenting three issues for our consideration. We affirm.

On November 12, 1972 the home of Alfred Glancy was broken into and one of the intruders severely pistol-whipped Mr. Glancy. Defendant was arrested in connection with the above occurrences and charged with assault with intent to commit murder (MCLA 750.83; MSA 28.278), armed robbery (MCLA 750.529; MSA 28.797) and breaking and entering an occupied dwelling (MCLA 750.110; MSA 28.305). Defendant engaged in plea bargaining with the prosecutor and, as a result of these negotiations, was, on March 27, 1973, permitted to plead guilty to breaking and entering an occupied dwelling in return for his promise to assist in the

---

* Circuit judge, sitting on the Court of Appeals by assignment.

prosecution of his accomplice, Henry Reed, the person who pistol-whipped Mr. Glancy. After defendant pled guilty, but before he was sentenced, Mr. Glancy died. Defendant was thereupon charged with felony murder (MCLA 750.316; MSA 28.548). One week after defendant was charged with felony murder he was sentenced on the breaking and entering charge to which he had earlier pled guilty. Plea negotiations were conducted on the felony-murder charge and defendant was ultimately permitted to plead guilty to an added count of second-degree murder and was sentenced thereon. It is from this conviction that defendant now appeals.

Defendant first contends that his conviction of second-degree murder must be reversed because it was obtained in violation of the earlier plea agreement he had made with the prosecutor. We disagree. Defendant's claim in this regard is premised on a plea agreement, the precise terms of which we are unable to discern from the present record. While it appears to us, and logic would seem to dictate, that the first agreement merely called for the dismissal of the two other charges, defendant asserts that he was promised that all proceedings against him arising out of the occurrences on the night of November 12, 1972 would cease. One of the reasons we are unable to determine whether defendant's assertion in this regard is correct is that defendant at no time presented a similar claim to the trial court upon which a hearing could be held. Instead, defendant again engaged in plea bargaining with the prosecutor. These negotiations resulted in defendant being allowed to plead guilty to second-degree murder despite the fact that the Wayne County Prosecutor earlier indicated that no reduced plea would be acceptable.

That these negotiations were conducted with full awareness of the earlier plea bargain is manifest from the record. Under these circumstances we think it is clear that defendant, by pleading guilty with such an awareness and after bargaining with the prosecutor, waived any claim he may have had in this regard. Accordingly, we find no error.

Defendant, relying on the recent decision of our Supreme Court in *People v White*, 390 Mich 245; 212 NW2d 222 (1973), next argues that his conviction must be reversed because the crime with which he was here charged arose out of the same transaction as that which led to his earlier plea to breaking and entering an occupied dwelling (MCLA 750.110; MSA 28.305). At the time defendant entered his earlier plea, however, the crime of felony murder was not complete because Mr. Glancy had not yet died. The question therefore becomes whether the same transaction test of double jeopardy bars prosecution for all crimes committed during one criminal transaction, complete and incomplete, discovered and undiscovered, once a person has been convicted of a crime arising out of that criminal episode. We hold that it does not. Both our Supreme Court in *People v White, supra,* and Mr. Justice Brennan, who, in his concurring opinion in the case of *Ashe v Swenson,* 397 US 436; 90 S Ct 1189; 25 L Ed 2d 469 (1970), espoused the same transaction test of double jeopardy, recognized the need for such an exception.[1] Indeed, were such an exception held not to exist then, in circumstances like these, the same transaction test of double jeopardy would

---

[1] A case with particular relevance to the situation here presented is *Diaz v United States,* 223 US 442; 32 S Ct 250; 56 L Ed 500 (1912). *Diaz,* which involved an assault conviction in which the victim subsequently died, was cited by Mr. Justice Brennan in his concurring opinion as the type of situation in which an exception to the same transaction rule should be made.

lead "to the anomalous result of foreclosing prosecution for an offense where the state had made a diligent and good faith effort to protect the defendant's constitutional rights". *People v White, supra* at 258, n 6; 212 NW2d at 227. We hold, therefore, that since the crime with which defendant was here charged was not complete at the time of his earlier plea, his conviction is not barred by double jeopardy.

Defendant lastly claims that *People v McMiller*, 389 Mich 425; 208 NW2d 451 (1973), requires the reversal of his plea to second-degree murder. This contention is totally without merit. Defendant here was not retried on a higher charge after he successfully attacked a plea-based conviction. It was that kind of situation *McMiller* was designed to guard against and not what occurred in this case.

Affirmed.