## PEOPLE v KENNETH SMITH

### OPINION OF THE COURT

1. CRIMINAL LAW—DOUBLE JEOPARDY—NEGLIGENT HOMICIDE—TRAF-
   FIC VIOLATIONS—AUTOMOBILES—INCOMPLETE CRIME.

   Prosecution of a defendant for a negligent homicide arising out of
   an automobile accident is not barred by the double jeopardy
   clause, although the defendant has been convicted of a traffic
   violation arising out of the same transaction, where the crime
   of negligent homicide was not complete at the time of the first
   conviction because the victim had not yet died.

2. CRIMINAL LAW—DOUBLE JEOPARDY—SAME TRANSACTION—SINGLE
   TRIAL—PLEA OF NOLO CONTENDERE.

   A defendant ,charged with two crimes arising out of the same
   transaction has waived his right to a single trial on both
   charges where he pled nolo contendere to one charge with full
   awareness that the prosecutor intended to proceed to trial on
   the other charge.

### CONCURRENCE BY M. F. CAVANAGH, J.

See headnote 2.

Appeal from Oakland, William R. Beasley, J.
Submitted May 12, 1976, at Lansing. (Docket No.
26339.) Decided June 15, 1976.

Kenneth C. Smith was charged with negligent
homicide. Defendant moved that the information
be quashed. Motion granted. The people appeal.
Reversed and remanded.

---

REFERENCES FOR POINTS IN HEADNOTES

[1, 2] 7 Am Jur 2d, Automobiles and Highway Traffic §§ 342–344.
   21 Am Jur 2d, Criminal Law §§ 166, 175 et seq.
   Acquittal or conviction of one offense in connection with operation
   of automobile as bar to prosecution for another. 172 ALR 1053.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *L. Brooks Patterson,* Prosecuting Attorney, *Robert C. Williams,* Chief Appellate Counsel, and *James L. McCarthy,* Assistant Appellate Counsel, for the people.

*Bornstein, Wishnow, Shaye & Schneiderman,* for defendant.

Before: J. H. GILLIS, P. J., and M. F. CAVANAGH and McGREGOR,* JJ.

McGREGOR, J. Defendant was involved in a personal ·injury accident on May 5, 1975 and pled guilty to a traffic violation. The victim of the accident subsequently died and defendant was charged with negligent homicide. Defendant withdrew his guilty plea on the traffic violation, pled nolo contendere, and was sentenced. Defendant next successfully moved the circuit court to quash the information on the negligent homicide charge on grounds of double jeopardy. The plaintiff appeals by right from the July 29, 1975 opinion and subsequent order granting that motion.

In *People v White,* 390 Mich 245; 212 NW2d 222 (1973), our Supreme Court adopted the same transaction test of double jeopardy as outlined in the concurring opinion of Justice Brennan in *Ashe v Swenson,* 397 US 436; 90 S Ct 1189; 25 L Ed 2d 469 (1970). The Supreme Court also adopted the footnote 7 exception to the test (397 US at 453).[1] This Court applied the exception in *People v Wil-*

---

* Former Court of Appeals judge, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

[1] "For example, where a crime is not completed or not discovered, despite diligence on the part of the police, until after the commencement of a prosecution for other crimes arising from the same transaction, an exception to the 'same transaction' rule should be made to permit a separate prosecution. (Citations omitted.)"

*liams,* 61 Mich App 642; 233 NW2d 122 (1975), and held that where a crime with which defendant was charged was not complete at the time of his earlier plea, his conviction is not barred by double jeopardy. The logic of *Williams* applies in the present case and reversal is required.

Even if we consider the nolo contendere plea as erasing the guilty plea and thereby removing this case from the footnote 7 exception, defendant has waived his double jeopardy protection. In *People v Goans,* 59 Mich App 294; 229 NW2d 422 (1975), this Court held that when the defendant offers a guilty plea at a time when two charges are pending, with the full awareness that the prosecutor intends to proceed to trial on the other charge, he has waived his right to a single trial on both charges. The *Goans* reasoning is equally applicable in this case.

Reversed and remanded for proceedings consistent with this opinion.

J. H. GILLIS, P. J., concurred.

M. F. CAVANAGH, J. *(concurring).* I concur with the decision of my brothers to reverse and remand this cause. However, I would do so only on the basis that defendant offered his *nolo contendere* plea at a time when two charges were pending and he was well aware of the fact that the prosecutor was proceeding on the more serious charge. By so doing, he waives his claim of double jeopardy. *People v Goans,* 59 Mich App 294; 229 NW2d 422 (1975).