PEOPLE v EWING

Docket No. 78-4836. Submitted May 7, 1980, at Lansing.—Decided July 24, 1980.

Charlesmason Ewing was convicted of armed robbery in the Genesee Circuit Court, Robert M. Ransom, J. At trial, the judge permitted the prosecutor, over a defense objection, to introduce in his case in chief testimony of the defendant given in a previous trial for first-degree murder. Defendant appeals, alleging that, when his testimony about the robbery had been given, he had not first been advised by the trial court of his right to remain silent and that, after he had taken the stand, he was asked incriminating questions which the judge instructed him to answer. *Held:*

A defendant who was represented by counsel in a trial situation is presumed to have been informed of his constitutional rights. The privilege against self-incrimination must be claimed before the issue of waiver thereof can arise. Defendant never claimed his privilege in the murder trial. His testimony was properly admitted as substantive evidence.

Affirmed.

1. CRIMINAL LAW — REPRESENTATION BY COUNSEL.

A defendant who was represented by counsel in a trial situation is presumed to have been informed of his constitutional rights.

2. CRIMINAL LAW — SELF-INCRIMINATION — WAIVER.

The privilege against self-incrimination must be claimed before the issue of a knowing and intelligent waiver thereof can arise.

3. CRIMINAL LAW — EVIDENCE — PRIOR TESTIMONY.

Prior testimony of a defendant is admissible as substantive evidence in a later prosecution of the defendant for an unrelated offense, absent an indication that the prior testimony was given under compulsion.

REFERENCES FOR POINTS IN HEADNOTES
[1] 21 Am Jur 2d, Criminal Law § 312.
[2] 21 Am Jur 2d, Criminal Law § 357.
[3] 21 Am Jur 2d, Criminal Law §§ 357, 358, 367.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *John T. McGraw,* Prosecuting Attorney, and *Donald A. Kuebler,* Chief, Appellate Division, for the people.

*Ronald L. Haldy,* for defendant.

Before: CYNAR, P.J., and M. J. KELLY and T. GILLESPIE,* JJ.

PER CURIAM. Following a jury trial, defendant was convicted of armed robbery, MCL 750.529; MSA 28.797, and was subsequently sentenced to life imprisonment, with credit for 532 days served. Defendant appeals as of right.

The charge in the instant case arose out of the 1975 robbery of one Mitchell Plant, an employee of the Home Juice Company in Flint, Michigan. Defendant planned the robbery, supplied the weapon, and drove an active coparticipant to and from the scene of the offense.

Prior to trial, defendant filed a motion to suppress a transcript of testimony given by him at his previous first-degree murder trial held in Jackson, Michigan. At that trial, defendant made incriminating statements regarding his participation in the Home Juice robbery. Defense counsel argued that the testimony had been offered without defendant first having been advised by the trial court of his right to remain silent. At a hearing on the motion, defendant testified that defense counsel in the prior proceeding had advised him that he would not be forced to incriminate himself in any crimes for which he had not been convicted, if he took the stand to testify. Defendant claimed that when he was asked incriminating questions, the trial judge instructed him to answer. Defendant

---

* Circuit judge, sitting on the Court of Appeals by assignment.

contended that he was unaware that he could "plead the Fifth". Defendant testified that, if he had known that he would be asked to testify relative to the Home Juice robbery at the murder trial, he would not have taken the stand.

That murder trial ended in a hung jury. Upon retrial, defendant refused to take the stand, against his attorney's advice. Defendant's counsel in the retrial testified at the motion hearing that he would not have asked defendant to testify had he known of the Home Juice robbery. He further stated that he made it clear to defendant that he did not have to testify if he chose not to.

The trial court in the case at bar denied defendant's motion to suppress the prior testimony, reasoning that defendant had waived his right not to testify when he took the stand in the first murder trial on advice of counsel, and that, therefore, the testimony had been properly admitted at that earlier trial. During trial, defense counsel renewed the motion to suppress, which was again denied.

At trial, two employees of the Home Juice Company testified regarding the robbery, as did one of the employees' fiancee, who was also present at the time. All indicated that the robber, a black male, had taken the company's receipts for the day in question, as well as some personal money, was brandishing a gun during the incident, and had told the witnesses he was capable of shooting them.

Also testifying at trial was the coparticipant in the robbery, C. J. Green. He stated that the robbery was defendant's idea, that defendant supplied the gun used therein, and that it had been planned two weeks in advance. He said $1900 had been taken.

The prosecution also introduced as substantive evidence defendant's testimony from the Jackson County trial. In the course of that testimony, defendant described the Home Juice robbery and his participation in it.

In his defense, defendant presented two witnesses who attacked Green's credibility. Defendant did not take the stand in this case, contrary to advice of counsel.

Defendant raises but one issue on appeal, arguing that the trial court reversibly erred in allowing the prosecution to introduce as substantive evidence, in its case in chief, defendant's testimony offered in his own defense at an earlier trial arising out of a separate incident when the court at the earlier trial did not *sua sponte* advise defendant of the right against self-incrimination. Defendant argues that the trial court had an affirmative duty in the previous trial to advise defendant of his Fifth Amendment right to be free from self-incrimination, and, absent evidence of this, which itself is a highly persuasive indicium of an effective waiver of this constitutional right, the testimonial evidence should not have been admitted here. Defendant argues by analogy to GCR 1963, 785, which requires an affirmative waiver of rights in a guilty plea context, contending that there is no logical reason to distinguish the waiver of identical rights in a trial setting.

Defendant claims that a knowing and intelligent waiver of this constitutional right for any and all purposes cannot be presumed from the fact that he took the stand. Defendant, however, concedes that this Court has held that when a defendant is represented by counsel in a trial situation, it is presumed counsel will inform him of his constitutional rights. *People v Givens,* 59 Mich App 436; 229 NW2d 490 (1975).

More importantly, this Court has held that the privilege against self-incrimination must be claimed before the issue of a knowing and intelligent waiver thereof arises. *People v Hunley,* 63 Mich App 97, 99; 234 NW2d 169 (1975), *People v Nesbitt,* 86 Mich App 128, 135; 272 NW2d 210 (1978). In *Hunley,* the defendant had testified as a defense witness in the separate trial of a coparticipant and gave testimony which exculpated that coparticipant while inculpating himself. The Court concluded that, since the defendant had not claimed the privilege in the earlier trial, the issue of whether defendant had knowingly and intelligently waived the privilege was not before it. Accordingly, defendant's prior testimony was properly admitted as substantive evidence against him at his trial.

Finally, the majority rule is that, absent an indication that the prior testimony was given under compulsion, it is freely admissible as substantive evidence in a later prosecution for an unrelated offense. Anno: *Use in subsequent prosecution of self-incriminating testimony given without invoking privilege,* 5 ALR2d 1404, 1412-1413. Where a defendant fails to claim the privilege, no question of compulsion arises, nor does the waiver issue arise.

Thus, it can be seen from these decisions that a defendant, represented by counsel, has the burden of bringing the privilege claim to the court's attention before any duty on the part of the court to address the issue obtains. In a like view, we therefore conclude that the trial court in the Jackson County trial was not required *sua sponte* to advise defendant of his privilege (right) against self-incrimination, as presumptively that duty devolved upon defense counsel in the first instance. As such,

we refuse to find reversible error in this case on account of failure of the court in the earlier trial *sua sponte* to advise defendant of the privilege and the circumstances which create a waiver thereof.

We therefore affirm defendant's conviction and sentence.

Affirmed.