## PEOPLE v PLATO

Docket No. 53714. Submitted October 7, 1981, at Lansing.—Decided December 18, 1981.

Vincent Plato was charged with the misdemeanor of possession of the controlled substance lysergic acid diethylamide (LSD) and the felony of possession of the controlled substance phencyclidine (PCP). Defendant pleaded guilty to the misdemeanor charge in district court. Thereafter the defendant moved in Mason Circuit Court to quash the felony charge on the basis of double jeopardy. Defendant argued that, since the two drugs were found at the same time in the same container, the two offenses arose out of the same transaction and thus the prosecution of the felony charge constituted double jeopardy. Richard I. Cooper, J. denied the motion to quash. At trial in circuit court, over defendant's objection, portions of defendant's testimony at the district court plea proceeding were read to the jury to establish certain substantive elements of the prosecution's case. Defendant was found guilty on the felony charge. Defendant appeals. *Held:*

1. Defendant's claim that he was denied effective assistance of counsel is not substantiated by the trial court record. To the extent that defendant's claim rests upon facts not in the record, the claim is not properly before the Court of Appeals. It was incumbent upon defendant to make a testimonial record in the trial court in connection with a motion for new trial.

2. The misdemeanor and felony charges are not part of the

REFERENCES FOR POINTS IN HEADNOTES

[1, 7] 21A Am Jur 2d, Criminal Law § 985
    Modern status of rules and standards in state courts as to adequacy of defense counsel's representation of criminal client. 2 ALR4th 27.
[2] 4 Am Jur 2d, Appeal and Error §§ 491, 492.
[3, 4] 21 Am Jur 2d, Criminal Law § 278.
[3, 4, 6] 25 Am Jur 2d, Drugs, Narcotics, and Poisons § 40 *et seq.*
    LSD, STP, MDA, or other substances chemcially synthesized hallucinogenic or psychodelic substances as narcotics for purposes of drug prosecution. 50 ALR3d 1284.
[4] 21 Am Jur 2d, Criminal Law § 271.
[5] 29 Am Jur 2d Evidence §§ 321, 333.

same transaction even though the drugs were found during the same search, since the crimes do not involve a criminal activity with a single goal or intent and there is no evidence that the possession of the drugs was acquired at the same time and in the same transaction.

3. Since the record establishes that defendant was aware at the time of his plea of guilty to the misdemeanor charge that the prosecution intended to proceed on the felony charge, even if the two charges arose out of the same transaction, any double jeopardy claim was waived.

4. Certain testimony given by defendant at his plea of guilty to the misdemeanor charge in district court was properly admitted as substantive evidence in the trial on the felony charge in circuit court.

Affirmed.

M. J. KELLY, J., dissented. He would hold that an arguably meritorious claim of ineffective assistance of counsel was established by defendant. He would affirm but without prejudice to further proceedings in the circuit court on that claim.

OPINION OF THE COURT

1. CRIMINAL LAW — ASSISTANCE OF COUNSEL — EFFECTIVE ASSISTANCE OF COUNSEL.

A claim of ineffective assistance of counsel may be established by showing that the defendant's attorney either did not perform at least as well as a lawyer with ordinary training and skill in the criminal law, conscientiously protecting his client's interest undeflected by conflicting considerations, or that the attorney made a mistake which so jeopardized defendant's right to a fair trial that, absent that mistake, defendant would have had a reasonably likely chance of acquittal.

2. CRIMINAL LAW — ASSISTANCE OF COUNSEL — EFFECTIVE ASSISTANCE OF COUNSEL — APPEAL — MOTION FOR NEW TRIAL.

An appellate claim of ineffective assistance of trial counsel must be based upon facts existing in the lower court record; to the extent that a claim of ineffective assistance of trial counsel is based on facts not contained in the trial court record, it is incumbent that the defendant make a testimonial record in the trial court in connection with a motion for new trial.

3. CRIMINAL LAW — CONSTITUTIONAL LAW — DOUBLE JEOPARDY — SAME TRANSACTION.

The misdemeanor offense of possession of LSD and the felony offense of possession of PCP are not rendered part of the same

transaction for the purpose of a double jeopardy claim merely because the drugs were found at the same time and in the same container where there was no evidence that possession of the drugs was acquired at the same time and in the same transaction, since the offenses do not involve a criminal activity with a single goal or intent.

4. CRIMINAL LAW — CONSTITUTIONAL LAW — DOUBLE JEOPARDY — SAME TRANSACTION — PRESERVING QUESTION.

A claim of double jeopardy based upon the single transaction test may be waived by the defendant where the defendant pleads guilty to one or more of the charges knowing that the prosecution intends to proceed to trial on the remaining charges.

5. CRIMINAL LAW — EVIDENCE — PRIOR TESTIMONY — GUILTY PLEAS.

The testimony given by a defendant at a prior guilty plea to one charge is admissible as substantive evidence in the subsequent trial on another charge, absent any indication that the prior testimony was given under compulsion, notwithstanding the fact that such evidence might tend to show the commission of another crime.

DISSENT BY M. J. KELLY, J.   ·

6. CRIMINAL LAW — CONSTITUTIONAL LAW — DOUBLE JEOPARDY — SAME TRANSACTION.

*A misdemeanor charge of possession of LSD and a felony charge of possession of PCP resulting from the seizure of a single container holding both substances are charges arising out of the same transaction for the purpose of determining whether double jeopardy attaches.*

7. CRIMINAL LAW — ASSISTANCE OF COUNSEL — EFFECTIVE ASSISTANCE OF COUNSEL.

*The failure of defense counsel to know and advise a defendant that the defendant's guilty plea to a misdemeanor charge in district court under circumstances where the defendant knew that the prosecution intended to proceed on a related felony charge in circuit court would constitute a waiver of any double jeopardy claim relative to the felony charge and constitutes a serious mistake which is tantamount to ineffective assistance of counsel.*

**Frank J. Kelley,** Attorney General, *Robert A. Derengoski,* Solicitor General, *Martin M. Holmes,*

Prosecuting Attorney, and *Leonard J. Malinowski,* Assistant Attorney General, for the people.

*Chris J. Van Oosterum,* for defendant on appeal.

Before: ALLEN, P.J., and M. J. KELLY and J. J. KELLEY,* JJ.

PER CURIAM. Defendant was charged in district court with the misdemeanor offense of possession of the controlled substance lysurgic acid diethylamide (LSD), and with the felony offense of possession of phencyclidine (PCP). Following a preliminary examination, the district court retained jurisdiction of the misdemeanor offense and bound defendant over to circuit court on the PCP charge. October 1, 1979, pursuant to a plea bargain, defendant pled guilty in district court to the LSD charge and was sentenced by the district court to three days in jail and one year probation.

November 6, 1979, defendant moved to dismiss the felony information in circuit court on grounds that his guilty plea to possession of LSD in district court barred trial in circuit court on grounds of double jeopardy. Following a hearing and argument, the motion was denied. Trial by jury was held April 28, 1980, and defendant was found guilty. At the trial, the court admitted portions of the transcript of defendant's plea in the district court. Defendant did not take the stand and rested without offering proofs. August 12, 1980, defendant was sentenced to six months in jail, three years probation, and court costs of $750. He appeals of right raising three issues.

Both controlled substances were discovered June 14, 1970, when police officers executed a search

* Circuit judge, sitting on the Court of Appeals by assignment.

warrant at defendant's home. In the bedroom they found a cigarette lighter case containing two small papers. Wrapped in one of the papers was a substance later identified as less than one-tenth of a gram of phencyclidine (PCP). The other paper had upon it a microdot of a substance later determined to be lysergice acid diethylamide (LSD). Certain other drug paraphernalia were also confiscated.

## I

Defendant first claims that he was denied effective assistance of counsel in that he was incorrectly advised by his attorney that if he agreed to plead guilty to the district court charge he would not be prosecuted on the pending circuit court charge.

In Michigan, the merit of a claim of ineffective assistance of counsel is determined by applying a bifurcated standard. *People v Garcia,* 398 Mich 250; 247 NW2d 547 (1976). The first prong of the test focuses on the Sixth Amendment right to counsel, for which the Supreme Court has adopted the standard established in *Beasley v United States,* 391 F2d 687 (CA 6, 1974). *Garcia, supra,* 264. To satisfy defendant's right to counsel, his lawyer "must perform at least as well as a lawyer with ordinary training and skill in the criminal law and must conscientiously protect his client's interests, undeflected by conflicting considerations". *Garcia, supra,* 264.

The second prong, which was developed from *People v Degraffenreid,* 19 Mich App 702; 173 NW2d 317 (1969), examines whether particular mistakes of defense counsel jeopardized defendant's right to a fair trial. Under this prong of the

test, a court should not grant a new trial unless it finds that, but for the mistake, defendant would have had a reasonably likely chance of acquittal. *Garcia, supra,* 266.

In the present case, defendant relies on the second prong of the *Garcia* standard, claiming that his counsel made a serious mistake, not during trial, but in the failure to warn defendant prior to the guilty plea that the circuit court charge would be pursued and that the guilty plea transcript could be used as evidence against him in the subsequent trial. In support of this claim, defendant submitted an affidavit in which he states that he tendered the plea in reliance on assurances from his counsel that "everything would be taken care of by his plea", that "it would never come up again", and that "his plea could not and would not be used against him".

We do not believe that defendant has proven his claim of ineffective assistance of counsel. A convicted person who attacks the adequacy of the representation he received at trial must prove his claim. To the extent his claim depends on facts not of record, it is incumbent on him to make a testimonial record at the trial court level in connection with a motion for a new trial which evidentially supports his claim and which excludes hypotheses consistent with the view that his trial lawyer represented him adequately. *People v Ginther,* 390 Mich 436, 443; 212 NW2d 922 (1973), *People v Jelks,* 33 Mich App 425, 431; 190 NW2d 291 (1971), *lv den* 386 Mich 768 (1971), *People v Means (On Remand),* 97 Mich App 641, 645; 296 NW2d 14 (1980).

The circumstances surrounding the guilty plea

and the advice or lack of advice given by defense counsel were not explored at trial or at a motion for new trial. Notwithstanding defendant's affidavit, the record does not establish that defendant tendered the plea in reliance on his belief that the pending charges would be dismissed and that the admissions he made would not be used against him. Defendant acknowledged during the plea that he was not threatened or coerced into pleading guilty and that no one had promised him anything in exchange for pleading guilty other than the sentence recommendation which was placed on the record. Further, defense counsel's statements during argument on the motion to quash indicate that he and the defendant understood at the time of the plea that plaintiff would pursue the pending charge. We hold that the record does not establish defendant's claim of ineffective assistance of counsel.

## II

Defendant next asserts that prosecution of the PCP charge following his plea of guilty to the LSD charge violated the rule against double jeopardy. Following the guilty plea, defendant filed a motion to quash the circuit court information based on double jeopardy, which was denied by the trial court. The essence of defendant's argument at trial and on appeal is that possession of the two controlled substances was a single criminal activity, involving a single criminal goal or intent and that, under the single transaction test announced in *People v White,* 390 Mich 245; 212 NW2d 222 (1973), defendant was placed in jeopardy by the guilty plea conviction and could not be subsequently tried for possession of PCP. We disagree.

*White* held that, in order to satisfy the constraints of double jeopardy, the prosecutor must, except in limited circumstances, join at one trial all charges arising out of a single criminal act, occurrence, or transaction. Therefore, although the rape and kidnapping were separate offenses, it was uncontested that they occurred in the same criminal occurrence, and thus defendant was entitled to be tried on both charges in a single trial. But in the instant case, the only element of sameness is that the two drugs were *found* at the same time and in the same container. Unlike the situation in *White,* there is no evidence in the instant case that defendant acquired possession of the two drugs at the same time and in a single transaction. The offenses of possession of LSD and possession of PCP do not involve a criminal activity with a single intent or goal. They are separate offenses involving separate intent elements and the violation of separate statutory sections allowing for the imposition of different maximum penalties. They are clearly not the "same offense" for which multiple convictions would be prohibited under *People v Jankowski,* 408 Mich 79; 289 NW2d 674 (1980).

Assuming, *arguendo,* that the instant case falls within the "single transaction test" established in *White, supra,* we find no reason to reverse. A recognized exception to the "single transaction test" applies when a defendant pleads guilty to one of two or more charges knowing that the prosecutor plans to proceed to trial on the remaining charges. *People v Goans,* 59 Mich App 294; 229 NW2d 422 (1975). This is precisely what transpired here. On appeal, defendant in his affidavit states that, when he pled guilty to the misdemeanor charge in district court, he did so on the understanding that the felony charge in circuit court

would not be pursued. The transcript indicates otherwise. Upon pleading guilty to the misdemeanor, defendant unequivocally stated no promises were made in exchange for his plea. At the hearing in circuit court on the motion to quash, defense counsel disavowed any suggestion that he believed "that the case would be dismissed" in circuit court.[1] Thus, despite defendant's affidavit, it appears that the plea was entered with full knowledge that the action in circuit court would be pursued.

## III

Defendant's final claim is that admission into evidence of portions of the guilty plea transcript was, in essence, evidence of a prior conviction excludable under MRE 609. At trial, plaintiff offered certain portions of the guilty plea transcript to establish that defendant resided at the house and had knowledge of the controlled substances. The trial court admitted the evidence over defense counsel's objection.

Contrary to defendant's claim, the portions of the transcript admitted in evidence did not show a prior conviction. Instead, they disclosed that defendant resided at the house on which the search warrant was executed and had knowledge of the controlled substances. It is well established that a defendant's testimony in a former unrelated proceeding is admissible as substantive evidence, ab-

---

[1] "*Mr. Fielstra [defense counsel]*: There was no plea negotiation as such. He was aware that both charges were pending at the time of the guilty plea. *If there is some suggestion that I believed that the case would be dismissed* or that I would not bring this motion, I can state to the court *that was not the case.* It was known to the prosecutor that *we would both proceed with whatever motions or procedures were necessary in this matter.* Subsequently, I filed my motion." (Emphasis added.)

sent an indication that the prior testimony was
given under compulsion. *People v Ewing,* 99 Mich
App 110, 114; 297 NW2d 628 (1980). This result is
consistent with the evidentiary rule that voluntary
statements or admissions by an accused, either
before or after the commission of a crime or before
or after his arrest, are admissible, providing they
are voluntary, notwithstanding that the statement
may tend to show the commission of another
offense. *People v Hopper,* 21 Mich App 276; 175
NW2d 889 (1970), *lv den* 385 Mich 761 (1971).

Even if error occurred, it would be harmless
since the other evidence presented by plaintiff was
sufficient to establish defendant's residence at the
house and his knowledge of the drugs.

Affirmed.

M. J. KELLY, J. *(dissenting).* I believe that the
possession of phencyclidine and LSD contrary to
the different subsections of the same statute, MCL
333.7403(2)(b); MSA 14.15(7403)(2)(b) and MCL
333.7403(2)(c); MSA 14.15(7403)(2)(c), was one
transaction committed at one time with a single
intent and goal. The small amounts of the drugs
were found at the same time in the same con-
tainer. Compare *People v White,* 390 Mich 245,
258; 212 NW2d 222 (1973), and *Crampton v 54-A
Dist Judge,* 397 Mich 489, 499; 245 NW2d 28
(1976). The only real question here is whether
defendant waived his right to a single trial when
he pled guilty to one of the charges while the
other remained pending. *Wayne County Prose-
cutor v Recorder's Court Judge,* 92 Mich App 433,
442; 285 NW2d 318 (1979), *People v Kenneth
Smith,* 69 Mich App 537, 539; 245 NW2d 125
(1976), *People v Goans,* 59 Mich App 294, 297; 229
NW2d 422 (1975).

My reading of the record leads me to conclude that defense counsel was unaware of the exception to the single transaction requirement as found in *People v Goans, supra.* In fact defense counsel brought a motion to quash the information and to discharge the defendant based upon the principles of double jeopardy and the applicability of the single transaction test. At the hearing on the motion his comments revealed that he did not know the holding of *People v Goans, supra,* and I therefore feel he made a serious mistake which was tantamount to ineffective assistance of counsel. *People v Garcia,* 398 Mich 250; 247 NW2d 547 (1976), *People v Degraffenreid,* 19 Mich App 702; 173 NW2d 317 (1969). Trial was held on April 28, 1980, but defendant was not sentenced until August 12th. No explanation is made for this hiatus, but apparently no motion for new trial was made, as we have no record of same in the lower court proceedings.

Appellate counsel does not explain why a *Ginther* motion to remand *(People v Ginther,* 390 Mich 436, 445; 212 NW2d 922 [1973]) was not made so that he could file a motion for a new trial alleging ineffective assistance of counsel. *Query:* Is this ineffective assistance of appellate counsel? I agree that we cannot consider the *ex parte* affidavit presented by defendant for the first time on appeal; but, convinced as I am that defendant has made an arguably meritorious claim, I would affirm but without prejudice to the filing of a delayed motion for new trial in the trial court by appellate counsel of record, the same to be accomplished forthwith. After the filing of such motion, the trial court would be instructed to conduct a hearing thereon, make findings of fact and conclusions of law and order or deny relief accordingly. I would not retain jurisdiction.