PEOPLE v FOWLKES

Docket No. 64735. Submitted July 26, 1983, at Detroit.—Decided December 6, 1983.

Defendant, Martin Fowlkes, was convicted by a jury in the Recorder's Court for the City of Detroit, Henry L. Heading, J., of three counts of possession with intent to deliver heroin. He was thereafter sentenced to three concurrent prison terms. Defendant appeals alleging that his convictions and sentences on the three counts violated due process and double jeopardy protections. Defendant also alleges other errors. *Held:*

1. Under Michigan's factual test, the convictions here violate the constitutional protection against double jeopardy. The facts indicate that each count of the information charged the defendant with the same offense involving the same intent elements in the violation of the same statutory sections which provide for the imposition of the same maximum penalties.

2. There were no significant intervening circumstances or new criminal conduct by the defendant between the seizure of the heroin packets just outside the house (the basis of Count I) and the discovery of the heroin packets near the defendant in the upstairs bedroom (the basis of Counts II and III). Therefore, two of defendant's convictions must be vacated and the case remanded for resentencing on the remaining count.

3. Defendant's argument that the case must be remanded for a new trial because the mere number of charges may have

REFERENCES FOR POINTS IN HEADNOTES

[1, 2] 21 Am Jur 2d, Criminal Law § 279.

[2] 5 Am Jur 2d, Appeal and Error § 953.

41 Am Jur 2d, Indictments and Informations § 97.

[3, 4] 5 Am Jur 2d, Appeal and Error §§ 625, 626.

75 Am Jur 2d, Trial §§ 315, 317.

[5] 21A Am Jur 2d, Criminal Law §§ 984, 985.

Modern status of rules and standards in state courts as to adequacy of defense counsel's representation of criminal client. 2 ALR4th 27.

[6] 17 Am Jur 2d, Continuance §§ 2, 3.

[7] 5 Am Jur 2d, Appeal and Error §§ 798, 800.

adversely influenced the jury's resolution of the credibility issue in this case is unpersuasive and without merit.

4. Defendant's remaining allegations of error are meritless. Those allegations include: the allowance of allegedly improper opening argument statements by the prosecutor, a claim of ineffective assistance of counsel, a claim that the trial court failed to make necessary inquiries regarding the representation of the defendant and a codefendant by the public defender's office, a claim that the trial court abused its discretion in failing to grant a continuance, a claim that the trial court erred in denying defendant's motion to dismiss for a violation of the 180-day rule, that the alleged erroneous admission of a police officer's testimony containing hearsay was not harmless error, and that the prosecutor improperly impeached the defendant with evidence of his poverty and lack of legitimate employment.

Reversed in part and remanded for resentencing consistent with this opinion.

1. CRIMINAL LAW — CONSTITUTIONAL LAW — DOUBLE JEOPARDY — MULTIPLE PUNISHMENT.

Michigan's courts focus on the factual proofs involved in a case when deciding a double jeopardy question; if factually the convictions of separate crimes are based upon proof of a single criminal act, the separate crimes consist of nothing more than a greater crime and certain of its lesser included offenses, and the multiple convictions will not be allowed to stand (Const 1963, art 1, § 15).

2. APPEAL — CRIMINAL LAW — DOUBLE JEOPARDY.

Generally, when a defendant is convicted and sentenced on three counts of an information based on proof of a single criminal act where each count charged the defendant with the same offense involving the same intent elements in the violation of the same statutory sections which provide for the imposition of the same maximum penalties the Court of Appeals should vacate two of the convictions and remand for resentencing on the remaining conviction.

3. CRIMINAL LAW — APPEAL — PRESERVING QUESTION.

Error allegedly attributable to the allowance of a prosecutor's remarks to the jury in opening argument is not preserved for appeal where the trial court sustains the defendant's objection to the remarks and gives a cautionary instruction and the defendant does not object to the cautionary instruction or request a supplemental instruction.

.

4. CRIMINAL LAW — APPEAL — PROSECUTORIAL COMMENT.

The denial of a defendant's motion for a mistrial was not reversible error where allegedly improper prosecutorial comments were corrected through a proper cautionary instruction and the defendant was not prejudiced by the comments.

5. CRIMINAL LAW — ASSISTANCE OF COUNSEL — CONFLICT OF INTEREST — APPEAL.

Reversal of a conviction on the basis of alleged ineffective assistance of counsel resulting from an alleged conflict of interest is not warranted when prejudice to the defendant is merely speculative; actual prejudice must be shown to warrant reversal.

6. CRIMINAL LAW — CONTINUANCES — APPEAL.

A trial court's refusal to grant a defendant a continuance may be found to have been proper where the defendant fails to demonstrate prejudice resulting therefrom (MCL 769.26; MSA 28.1096).

7. CRIMINAL LAW — WITNESSES — HEARSAY — HARMLESS ERROR.

The erroneous admission of hearsay testimony is harmless error where the same facts are shown by other competent testimony and where the inadmissible hearsay testimony does not involve the defendant's description, number of attackers, or gruesome details of the crime.

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Edward Reilly Wilson,* Deputy Chief, Civil and Appeals, and *Frank J. Bernacki,* Assistant Prosecuting Attorney, for the people.

*Gromek, Bendure & Thomas* (by *John A. Lydick),* for defendant on appeal.

Before: D. E. HOLBROOK, JR., P.J., and WAHLS and R. R. LAMB,* JJ.

PER CURIAM. Defendant was convicted by a jury

* Circuit judge, sitting on the Court of Appeals by assignment.

of three counts of possession with intent to deliver heroin, MCL 333.7401(2)(a); MSA 14.15(7401)(2)(a). Thereafter sentenced to three concurrent prison terms of 12 to 20 years, defendant appeals as of right.

The people's case against defendant consisted primarily of the testimony of three witnesses: arresting-complaining officers John Mangum and Shelton Hayes, and civilian police aide Gregory Jones. The police officers and the civilian observer went to the Jeffries Housing Project in Detroit to investigate complaints about drug activity. Working undercover among the people milling about the area, they observed coin envelopes and money changing hands; it appeared that the suspected narcotics were being distributed from an open first-floor window. Officer Mangum feigned interest in making a drug purchase from codefendant Stanley Anderson, and witnessed defendant Fowlkes pass the heroin-filled envelopes through the window to codefendant Anderson for the purpose of the sale. The officers then arrested the people milling about the window.

With civilian observer Gregory Jones in control of the suspects outside the house, Officers Mangum and Hayes went to the front door of the home from which the narcotics were distributed. Through the window, the officers observed defendant Fowlkes and codefendant David Lester preparing to go upstairs. The officers broke open the door and chased the suspects up the stairs, where they observed defendant Fowlkes in the bedroom dropping four coin envelopes and $168 on the floor. The officers arrested defendant Fowlkes, and then found an additional 30 coin envelopes filled with heroin stuffed into a shoe within several feet of the defendant. The defendant was charged with three counts of possession with intent to deliver

heroin on the basis of (1) passing the envelopes through the window, (2) dropping the four envelopes upstairs, and (3) stashing the 30 coin envelopes found in the shoe nearby.

Testifying on his own behalf, the defendant admitted being a long-time heroin addict, but denied any knowledge about or ownership of the coin envelopes. Defendant maintained that at the time of the police raid he was upstairs receiving a heroin injection from his girlfriend Virginia Daniels. Defendant's testimony was supported by the testimony of Virginia Daniels and by codefendant Lester who admitted ownership of the heroin-filled coin envelopes. Mr. Lester indicated that he paid Virginia Daniels to permit him to hide the envelopes in the house. Mr. Lester further indicated that he had hidden the 30 envelopes in the shoe and that defendant was neither aware of those envelopes nor did he have anything whatsoever to do with Mr. Lester's heroin distribution activity.

First, defendant claims that his convictions and sentences on three counts of possession with intent to deliver heroin violate due process and double jeopardy. In deciding a double jeopardy question, Michigan courts focus on the factual proofs involved. *People v West,* 122 Mich App 517; 332 NW2d 517 (1983). When tried for an action which includes lesser included offenses, if the jury finds guilt of the greater, the defendant may not additionally be convicted separately of the lesser included offense. *People v Martin,* 398 Mich 303; 247 NW2d 303 (1976). Thus, under Michigan law, if, factually, the convictions are based on proof of a single act, the separate crimes are held to consist of nothing more than a greater crime and certain of its lesser included offenses. See *People v Jankowski,* 408 Mich 79, 86; 289 NW2d 674 (1980). In

such a case, multiple convictions cannot be allowed to stand. *Id.*

We hold that under Michigan's factual test, the convictions in the instant case violate the constitutional protection against double jeopardy. While no case has yet addressed a factual situation similar to the instant case, the closest decision is *People v Plato,* 114 Mich App 126; 318 NW2d 486 (1981). In *Plato,* the defendant was charged with possession of PCP and LSD in separate charges. Both controlled substances were discovered during a search of the defendant's home. In a cigarette lighter case, two small papers were discovered which separately contained the narcotics. The defendant pled guilty to the LSD possession charge and was sentenced. The defendant then sought dismissal of the PCP possession charge on double jeopardy grounds. The motion was denied and the defendant was tried and convicted. On appeal, the defendant argued that possession of the two controlled substances was a single criminal activity, involving a single criminal goal or intent and that under the single transaction test, see *People v White,* 390 Mich 245; 212 NW2d 222 (1973), the defendant was placed in double jeopardy by the guilty plea conviction and the subsequent conviction for possession of PCP.

This Court disagreed, and in so holding set out several factors to consider in making this determination. This Court considered where and when the two drugs were discovered; the evidence of when and how the defendant acquired possession of the two drugs; the intent or goal of the criminal activity involved; whether separate statutory sections prohibit the criminal activity; and whether the Legislature has imposed different maximum penalties for the criminal activity. The *Plato* Court

upheld the conviction because the only element of sameness was that the two drugs were *found* at the same time and in the same container. 114 Mich App 133.

In the instant case, there are several elements of sameness. The same drug was discovered in similarly stamped coin envelopes. The police officers witnessed the defendant pass the coin envelopes through the window to a second individual and these envelopes were seized immediately thereafter when the second individual was arrested. These coin envelopes constitute the basis of Count I. Immediately thereafter, the police officers broke down the door and arrested the defendant in the upstairs bedroom. At that time, the heroin constituting the basis of Counts II and III was seized. Therefore, the heroin in Counts II and III was found at the same time, and the heroin in Count I was discovered only moments before. Unlike the situation in *Plato*, there was evidence in the instant case that the defendant acquired possession of the coin envelopes at the same time and in a single transaction. Each envelope was marked with a distinctive street brand name which the officers described as "DO" and which codefendant Lester described as "100". The stamp on the envelopes served to identify the seller of the narcotics so that word circulates on the street that "100 is good" and people will look for that particular seller. The fact that "100" is stamped on each coin envelope indicates that defendant purchased or acquired possession of the coin envelopes from the same individual. In effect, each count of the information charges the defendant with the same offense involving the same intent elements in the violation of the same statutory sections which provide for the imposition of the same maximum penalties.

We find there were no "significant intervening circumstances" or new criminal conduct by the defendant between the seizure of the coin envelopes just outside the house and the discovery of the heroin packets near the defendant in the upstairs bedroom. See *People v Leverette,* 112 Mich App 142, 149; 315 NW2d 876 (1982). Therefore, we hold that two of defendant's convictions must be vacated and the case remanded for resentencing on the remaining count.

We find that defendant's argument that the case be remanded for a new trial because the mere number of charges may well have adversely influenced the jury's resolution of the credibility issue in this case between the defendant and the police officers is unpersuasive and without merit.

Defendant's remaining allegations of error are meritless and will therefore only be briefly discussed.

Defendant claims the court committed error by allowing the prosecutor to advise the jury in opening argument that the cases against the other defendants in this matter had been disposed of by guilty pleas. Following the prosecutor's statement, defense counsel objected and moved for a mistrial. The trial court sustained the defendant's objection, but denied the motion for mistrial. The trial court then gave a cautionary instruction. There was no objection to the cautionary instruction nor was a supplemental instruction requested. Consequently, the error, if any, has not been preserved for appeal. *People v Willie Smith,* 43 Mich App 562; 204 NW2d 555 (1972). In any event, the instruction given by the trial court closely approached that approved by the Supreme Court in *People v Watson,* 307 Mich 596; 12 NW2d 476 (1943). We conclude the instruction achieved its intended pur-

pose. Since the record fails to support defendant's allegation of prejudice, the denial of defendant's motion for mistrial was proper and we find no reversible error.

Defendant's claim that he was denied effective assistance of counsel is without merit. On the first day of trial following jury selection, and prior to the introduction of any evidence or testimony, defendant's counsel advised the court of a potential conflict of interest. Defendant's counsel was a member of the public defender's office. Said counsel revealed that another attorney from the public defender's office had represented a codefendant earlier. Defendant's trial counsel informed the court that he had not communicated with the other attorney until the day before trial, when he learned that Mr. Lester, an individual the defense intended to call as a witness and who had pled guilty to the charges against him previously, had been represented by the other public defender attorney. At the time of defendant's trial, however, Mr. Lester had pled guilty and had been sentenced. As a result, defense counsel's representation of the defendant did not deprive defendant of the undivided loyalty of counsel and defendant's defense was not slighted for that of Mr. Lester, since Mr. Lester was no longer on trial. Moreover, defendant admits it is impossible to say how defense counsel's trial representation and questioning of the witness David Lester may have been affected. To warrant reversal, the prejudice shown must be actual, not merely speculative. *People v Marshall,* 53 Mich App 181, 191; 218 NW2d 847 (1974).

Defendant further implies that the trial court's failure to make the necessary inquiries provided in GCR 1963, 785.4(4) was error requiring reversal.

We disagree. The circumstances of this case do not justify reversal. *People v Kirk,* 119 Mich App 599; 326 NW2d 145 (1982).

Defendant's claim that the trial court abused its discretion in failing to grant a continuance is also without merit. Having reviewed the record we find defendant has failed to demonstrate prejudice by the trial court's refusal to adjourn the trial as required by the fifth criteria in *People v Wilson,* 397 Mich 76, 81; 243 NW2d 257 (1976), and MCL 769.26; MSA 28.1096. Hence, the trial court's ruling was proper.

Defendant additionally claims the trial court erred in denying defendant's motion to dismiss for violation of the 180-day rule. We disagree. Defendant was arrested in the instant case in January, 1981, and on February 19, 1981, a complaint was filed and a warrant was issued against defendant. In March, 1981, the defendant was sent to prison on two unrelated convictions. In May, 1981, defendant was on furlough to a correction center to continue serving the sentence on these unrelated convictions. However, defendant subsequently walked away from this facility. Defendant was subsequently re-arrested in May, 1981, and was placed in the custody of the Wayne County jail to await trial in the instant case. Although defendant was initially subject to the protection of the 180-day rule, his escape and subsequent re-arrest and incarceration by local authorities made him no longer subject to the control of the Department of Corrections. Accordingly, the 180-day rule was no longer applicable to the instant case. *People v Hegwood,* 109 Mich App 438; 311 NW2d 383 (1981); *People v Castelli,* 370 Mich 147, 153; 121 NW2d 438 (1963); *People v Linscott,* 14 Mich App 334, 339; 165 NW2d 514 (1968). Defendant's contention to the contrary is without merit.

Defendant also claims the trial court erred by allowing into evidence, over defendant's objection, alleged hearsay testimony. There was a factual issue at trial as to who owned the shoe in which the 30 packs of heroin were discovered. Defendant denied ownership of the shoe. The prosecutor elicited from the arresting police officer the statement of Virginia Daniels, the homeowner, that the shoe in which the heroin packets were discovered belonged to defendant. Virginia Daniels and her son Fernando Daniels, who lived in the house at the same time, both identified the shoe as belonging to defendant.

Although admission of the police officer's testimony may have been an error, we hold it was harmless as other evidence of the ownership of the shoe was elicited from a second witness, Fernando Daniels. This cumulative testimony renders the admission harmless. See *People v Hoerl,* 88 Mich App 693; 278 NW2d 721 (1979). This is not a situation where inadmissible hearsay testimony went to the defendant's description, number of attackers, or gruesome details of the crime. See *People v Vargas,* 50 Mich App 738, 742; 213 NW2d 848 (1973). Hence, defendant's contention is without merit.

Finally, defendant contends that the court committed error by allowing the prosecutor to impeach the defendant with evidence of his poverty and lack of legitimate employment. Our review of the record reveals the prosecutor's questioning did not appear to be "a studied attempt to show that persons in dire financial straits are predisposed to break the law". *People v LaForte,* 75 Mich App 582, 584; 256 NW2d 44 (1977). Moreover, at no time did the defendant object to this line of questioning nor did the prosecutor argue to the jury

that the unemployment supplied a motive for the crime charged. Under the circumstances of this case, the prosecutor's questioning did not result in manifest injustice and therefore we find no reversible error. See also *People v Smith,* 80 Mich App 106; 263 NW2d 306 (1977).

Reversed in part and remanded for resentencing consistent with this opinion.