PEOPLE v GOANS

1. CRIMINAL LAW—CONSTITUTIONAL LAW—DOUBLE JEOPARDY—SAME
   TRANSACTION.
   A defendant who has been placed in jeopardy on one criminal
   charge cannot later be tried on another charge arising out of
   the same transaction.

2. CRIMINAL LAW—CONSTITUTIONAL LAW—DOUBLE JEOPARDY—SAME
   TRANSACTION—HARASSMENT OF DEFENDANT.
   A basic reason for adopting the same transaction test for the
   constitutional protection against being placed twice in jeopardy
   in Michigan was to prevent harassment of a defendant.

3. CRIMINAL LAW—CONSTITUTIONAL LAW—DOUBLE JEOPARDY—SAME
   TRANSACTION—OBJECTIVE—EXCEPTIONS.
   The primary objective of the same transaction test for the consti-
   tutional protection against being placed twice in jeopardy is to
   insure that a criminal defendant receives meaningful protec-
   tion under the double jeopardy clause, and adoption of limited
   exceptions to the test will be considered if application of the
   test would not serve that objective.

4. CRIMINAL LAW—CONSTITUTIONAL LAW—DOUBLE JEOPARDY—SAME
   TRANSACTION—SEVERANCE OF OFFENSE.
   The same transaction test for the constitutional protection
   against being placed twice in jeopardy was not designed to
   affect the law relating to a defendant's request for the sever-
   ance of related offenses.

5. CRIMINAL LAW—CONSTITUTIONAL LAW—DOUBLE JEOPARDY—SAME
   TRANSACTION—PLEA OF GUILTY—RIGHT TO SINGLE TRIAL—
   WAIVER OF RIGHT.
   A defendant waives his right to a single trial on two criminal
   charges arising out of the same transaction where he has
   offered a guilty plea to one charge, with a full awareness that
   the prosecutor intends to proceed to trial on the other charge.

REFERENCES FOR POINTS IN HEADNOTES
[1–4] 21 Am Jur 2d, Criminal Law § 182 *et seq.*
[5] 21 Am Jur 2d, Criminal Law § 476.

Appeal from Oakland, Richard D. Kuhn, J. Submitted Division 2 October 11, 1974, at Lansing. (Docket No. 17761.) Decided March 10, 1975.

Jimmie A. Goans was charged with felonious driving. Motion to quash the information denied. Defendant appeals by leave granted. Affirmed and remanded for trial.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *L. Brooks Patterson,* Prosecuting Attorney, and *Robert C. Williams,* Chief Appellate Counsel, for the people.

*Scupholm & Underwood,* for defendant.

Before: QUINN, P. J., and BASHARA and VAN VALKENBURG,* JJ.

VAN VALKENBURG, J. This case arises because the defendant was operating an automobile at a high rate of speed while pursuing another motor vehicle. An accident resulted and an oncoming motorcycle was struck. Defendant was charged with felonious driving, MCLA 752.191; MSA 28.661, and failure to stop at an accident involving a personal injury, MCLA 257.617; MSA 9.2317.

A preliminary examination was held on February 23, 1973. The district judge bound the defendant over to circuit court on the felonious driving charge. However, the court held that there was insufficient evidence to bind the defendant over on the charge of leaving a personal injury accident. The court then *sua sponte* entered a charge of failure to stop at a motor vehicle accident involving property damage. MCLA 257.618; MSA 9.2318.

---

* Former circuit judge, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

The defendant promptly entered a plea of guilty to the added charge.[1]

The defendant appeared in circuit court and moved to quash the information on the felonious driving charge. The defendant argues that a single criminal transaction is involved in this case and that because of the guilty plea he would be placed more than once in jeopardy if he is tried on the felonious driving charge. The defendant places his reliance on *People v White,* 390 Mich 245; 212 NW2d 222 (1973).

Assuming that the two crimes involved in this case are part of the same transaction, we do not believe that *White* prevents a trial on the charge still pending. In *White* the Supreme Court indicated that a basic reason for adopting the same-transaction test was to prevent harassment of a defendant. 390 Mich 258. On the same page with this statement are found footnotes 6 and 8, which we have reproduced in full:

" [6] In adopting the same transaction test, we limit our holding to the facts of the present case and to similar factual situations.

"We are aware that in certain situations, strict application of the same transaction test could lead to the anomalous result of foreclosing prosecution for an offense where the state had made a diligent and good faith effort to protect the defendant's constitutional rights.

" 'For example, where a crime is not completed or not discovered, despite diligence on the part of the police, until after the commencement of a prosecution for other crimes arising from the same transaction, an exception to the "same transaction" rule should be made to permit a separate prosecution.' *Ashe v Swenson,* 397 US 436, 453 n. 7; 90 S Ct 1189, 1199; 25 L Ed

---

[1] While the district court's action is certainly questionable the validity of the guilty plea is not before us on this appeal.

2d 469, 481 (1970) (Brennan, J., concurring). *We empha-size that our primary objective in adopting the same transaction test is to insure that a criminal defendant receives meaningful protection under the double jeop-ardy clause. If actual situations should arise in which application of the same transaction test would not serve that objective, we will, in such a case, consider the adoption of limited exceptions to the same transaction test.*

*     *     *

"[8] Today's opinion does not review nor is it designed to affect the present law relating to a defendant's request for the severance of related offenses." (Empha-sis added.)

Preventing a trial on the second charge in cases such as the one at bar would do little to further the policies underlying the double jeopardy clause. We cannot see how such a rule would serve to protect a defendant from harassment. The defend-ant chose to plead guilty and he should abide the consequences.

The situation here seems similar to a case where charges have been severed at the defendant's re-quest. Certainly *White* would not prevent a sepa-rate trial in this situation. The fact that a convic-tion was based on a plea of guilty may not always serve to distinguish *White.* See *People v West,* 54 Mich App 527; 221 NW2d 179 (1974). However, when the defendant offers a guilty plea at a time when both charges are pending, with the full awareness that the prosecutor intends to proceed to trial on the other charge, he has waived his right to a single trial on both charges.

*White* does not prevent a prosecutor from filing separate charges. It stands only for the proposition that once the defendant has been placed in jeop-ardy on one of the charges he cannot later be tried on another charge arising out of the same transac-

tion. *White* does not stand for the proposition that the defendant cannot waive the protection of the double jeopardy clause.

We emphasize that the plea in this case was not a negotiated plea. A case where the defendant had pled guilty in the expectation that the other charge would be dismissed would present different considerations.

The order of the circuit court denying the motion to quash the information is affirmed and the case is remanded for trial.