WAYNE COUNTY PROSECUTOR v RECORDER'S COURT JUDGE
(PEOPLE v MEEKS)

Docket No. 78-1721. Submitted January 16, 1979, at Detroit.—Decided
September 19, 1979.

Harvey Meeks was convicted of four counts of felonious assault
and one count of possession of a firearm during the commission
of a felony, Recorder's Court of Detroit, Justin C. Ravitz, J.
Prior to the conviction in Recorder's Court, the defendant had
entered a plea of guilty in the City of Warren District Court to
a charge of "conspiracy to commit a misdemeanor, to wit:
reckless use of a firearm", arising out of the same incident as
did the charges for which he was convicted in Recorder's Court.
At the time that the guilty plea was entered to the charge in
Warren, Meeks knew that charges against him were pending in
Wayne County.

As a result of the conviction in Recorder's Court of Detroit,
Meeks was sentenced to 2 1/2 years probation on all five
convictions, the trial judge declining to impose the mandatory
two-year sentence of the felony-firearm statute.

The Wayne County Prosecuting Attorney brought an original
action in the Court of Appeals against the Recorder's Court
Judge seeking superintending control compelling the judge to
impose the mandatory two-year term of imprisonment for the
felony-firearm conviction. The Court of Appeals denied Meeks'
motion to intervene in the superintending control action. Sub-

REFERENCES FOR POINTS IN HEADNOTES
[1] 21 Am Jur 2d, Criminal Law § 611.
[2] 21 Am Jur 2d, Criminal Law § 610.
Length of sentence as violation of constitutional provisions prohibit-
ing cruel and unusual punishment. 33 ALR3d 335.
[3] 21 Am Jur 2d, Criminal Law §§ 188, 189.
[4] 21 Am Jur 2d, Criminal Law § 479.
Appealability of order sustaining demurrer, or its equivalent, to
complaint on ground of misjoinder of parties or misjoinder of
causes of action. 56 ALR2d 1238.
[5] 21 Am Jur 2d, Criminal Law § 476.
[6] 21 Am Jur 2d, Criminal Law § 14.
[7] 73 Am Jur 2d, Statutes §§ 137-141.

sequently, the Supreme Court directed the Court of Appeals to permit Meeks to intervene, 406 Mich 851 (1979).

The issues to be considered are 1) whether imposition of the mandatory penalty under the felony-firearm statute constitutes cruel or unusual punishment in the instant case, 2) whether conviction of both felonious assault and possession of a firearm during the commission of a felony constitutes a violation of double jeopardy, 3) whether the convictions in both Detroit Recorder's Court and the City of Warren District Court, arising out of the same transaction or occurrence, constitute a double jeopardy violation, 4) whether the mandatory sentencing provision of the felony-firearm statute violates the separation of powers clause of the Michigan Constitution, and 5) whether the felony-firearm statute violates a Michigan constitutional provision because it attempts to amend or alter existing law by implication. *Held:*

1. The felony-firearm statute passes the three tests established by the Michigan Supreme Court for determining whether a given punishment constitutes cruel or unusual punishment. The punishment mandated by the felony-firearm statute does not violate the constitutional prohibition against cruel or unusual punishment.

2. The conviction of both felonious assault and possession of a firearm during the commission of a felony, arising out of the single incident, does not constitute a violation of double jeopardy.

3. To satisfy the constraints of the double jeopardy provisions a prosecutor must, except in limited circumstances, join at one trial all charges against a defendant arising out of a single criminal act. However, a defendant may waive the right to a single trial on more than one criminal charge where he has pled guilty to one or more of the charges with an awareness that the prosecutor plans to proceed to trial on the other charge or charges, Meeks pled guilty to the Warren charge while aware of the pending charges in Detroit Recorder's Court. As a result, he has waived any double jeopardy protection.

4. The Legislature is free to retain or delegate sentencing discretion when defining offenses and setting punishment. The mandatory sentencing provision of the felony-firearm statute does not violate the separation of powers clause of the Michigan Constitution.

5. Not all amendment by implication is prohibited by the Michigan Constitution. If an act is complete within itself, it does not fall within the constitutional prohibition against

amendment by implication. The felony-firearm statute is complete within itself. The statute is constitutional.

Remanded to the trial court for imposition of the mandatory two-year consecutive sentence for the defendant's conviction pursuant to the felony-firearm statute.

1. CRIMINAL LAW — CONSTITUTIONAL LAW — CRUEL AND UNUSUAL PUNISHMENT — TESTS.

Three tests are used to determine whether or not a given punishment constitutes cruel or unusual punishment: to satisfy the first test the punishment must be proportionate to the offense, *i.e.,* the punishment must not exceed that which is suitable to fit the crime; the second test, referred to as the "decency test", considers the penalties regarded as proper for the offense by examining the penalties imposed for comparative crimes in other jurisdictions; and the third test considers whether the punishment comports with the policy factors behind criminal penalties, rehabilitation of the offender, deterrence of similar behavior on the part of others, and prevention of further harm to society by the individual who committed the offense.

2. CRIMINAL LAW — SENTENCES — FELONY-FIREARM — CRUEL OR UNUSUAL PUNISHMENT.

The two-year term of imprisonment imposed by the felony-firearm statute does not violate the constitutional prohibition against cruel or unusual punishment.

3. CRIMINAL LAW — FELONY-FIREARM — DOUBLE CONVICTIONS — DOUBLE JEOPARDY — SAME TRANSACTION.

Convictions of both felonious assault and possession of a firearm during the commission of a felony, arising out of a single assault committed by a defendant while in possession of a firearm, do not constitute a violation of the constitutional guarantees against double jeopardy.

4. CRIMINAL LAW — CONSTITUTIONAL LAW — DOUBLE JEOPARDY — SAME TRANSACTION — RIGHT TO SINGLE TRIAL.

To satisfy the constraints of the constitutional prohibitions against double jeopardy, a prosecutor must, except in limited circumstances, join at one trial all charges against a defendant arising out of a single criminal act, occurrence or transaction.

5. CRIMINAL LAW — CONSTITUTIONAL LAW — DOUBLE JEOPARDY — SAME TRANSACTION — PLEA OF GUILTY — RIGHT TO SINGLE TRIAL — WAIVER OF RIGHT.

A defendant waives his right to a single trial on two criminal charges arising out of the same transaction where he has

offered a guilty plea to one charge, with a full awareness that the prosecutor intends to proceed to trial on the other charge.

6. CRIMINAL LAW — SENTENCES — DISCRETION — LEGISLATURE.

The Legislature is free to retain or delegate sentencing discretion when defining offenses and setting punishment.

7. CRIMINAL LAW — CONSTITUTIONAL LAW — STATUTES — FELONY-FIREARM — TITLE-OBJECT CLAUSE.

The felony-firearm statute is an act complete within itself, and as such it does not violate the constitutional proscription against revision of a statute by reference to its title only (Const 1963, art 4, § 25, MCL 750.227b; MSA 28.424[2]).

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Edward R. Wilson,* Principal Attorney, Appeals, and *Timothy A. Baughman,* Assistant Prosecuting Attorney, for plaintiff.

*Alphonso R. Harper* (by *A. George Best, II),* for defendant.

*Neal Bush,* for intervening defendant.

Before: D. C. RILEY, P.J., and J. H. GILLIS and MacKENZIE, JJ.

MacKENZIE, J. Harvey Meeks was convicted in a bench trial of four counts of felonious assault, MCL 750.82; MSA 28.277, and one count of possession of a firearm during the commission of a felony, MCL 750.227b; MSA 28.424(2). The felony-firearm statute mandates the imposition of a two-year imprisonment term; however, Meeks was sentenced by the Detroit Recorder's Court judge to 2-1/2 years probation on all of the counts. The prosecutor filed a complaint in this Court for an order of superintending control in the nature of mandamus to compel the trial judge to sentence Meeks to two years imprisonment pursuant to the

felony-firearm statute. We remand to the trial court for the imposition of the mandatory two-year consecutive sentence for felony-firearm.

On July 31, 1977, Meeks was involved in an altercation at a bar in the City of Detroit, the bar being located near the boundary between the cities of Detroit and Warren. Meeks left the bar and returned with his son, John, each man carrying a rifle. Shots were fired into a van owned by one of the adversaries, and a motorcycle belonging to a second complainant was damaged.

Meeks and his son then drove into the City of Warren, where they were arrested and charged with carrying a firearm with unlawful intent, contrary to MCL 750.226; MSA 28.423. Meeks subsequently entered a plea of guilty in the City of Warren District Court to a charge of "conspiracy to commit a misdemeanor, to-wit: reckless use of a firearm".

While the Warren charge was pending, the Wayne County Prosecutor filed against Meeks an action charging four counts of assault with intent to commit murder and one count of possession of a firearm during the commission of a felony. Meeks moved to quash the information on double jeopardy grounds after being convicted on the Warren charge. The motion to quash was denied by the trial judge. This Court denied an application for emergency appeal pursuant to GCR 1963, 806.5. *People v Meeks,* Docket No. 78-55, order of January 23, 1978 (unreported).

At his bench trial, Meeks was found guilty of the four counts of felonious assault and one count of possession of a firearm while in the commission of a felony. The trial judge declined to impose the mandatory two-year sentence of the felony-firearm statute for reasons of cruel or unusual punish-

ment, due process of law, equal protection, and inherent judicial discretion.

On April 14, 1978, Meeks filed a motion for a new trial based on double jeopardy grounds. He sought an evidentiary hearing to complete the record for his motion, which was held before the trial judge on July 13, 1978. The prosecutor filed a motion to stay the proceedings which was granted by this Court in an order dated July 27, 1978. In the same order, this Court denied Meeks' motion to intervene in the instant action brought by the prosecutor. The Supreme Court has since directed this Court to permit Meeks to intervene. *Wayne Prosecutor v Recorder's Court Judge,* 406 Mich 851 (1979).

## I

*Does imposition in the instant case of the mandatory penalty under the felony-firearm statute, MCL 750.227b; MSA 28.424(2), constitute cruel or unusual punishment?*

At the sentencing proceeding, the trial judge stated that the mandatory two-year sentence of the felony-firearm statute violated the U.S. and Michigan constitutional prohibitions against cruel or unusual punishment. In *People v Lorentzen,* 387 Mich 167; 194 NW2d 827 (1972), the Michigan Supreme Court employed three tests for determining whether or not a given punishment constitutes cruel or unusual punishment. To satisfy the first test, the punishment must be proportionate to the offense; *i.e.,* the punishment must not exceed that which is suitable to fit the crime. The second test, referred to as the "decency test", considers the penalties regarded as proper for the offense by examining the penalties imposed for comparative crimes in other jurisdictions. Finally, the third test

considers whether the punishment comports with the policy factors behind criminal penalties—rehabilitation of the offender, deterrence of similar behavior on the part of others, and prevention of further harm to society by the individual who committed the offense.

In *Lorentzen,* the Michigan Supreme Court held that a minimum sentence of 20 years for the sale of marijuana constituted "cruel and unusual punishment" under US Const, Am VIII, and "cruel or unusual punishment" under Const 1963, art 2, § 16. After examination of the punishment provisions of various other Michigan statutes, including those dealing with offenses involving the sale of different substances, the Court determined that the statute failed to satisfy the test of proportionality. After an examination of the statutes of other states concerned with the sale of marijuana revealed the Michigan statute to be one of the country's harshest and that there existed a trend toward decreased penalties, the Court concluded that the punishment provision failed the decency test. Finally, the Court determined that a lengthy term of imprisonment for the sale of marijuana would not serve the goal of rehabilitation. The Court concluded by noting that the 20-year sentence "shocks the conscience".

The tests set forth in *Lorentzen* were employed by the Michigan Supreme Court in *People v Hall,* 396 Mich 650; 242 NW2d 377 (1976), where the Court held that a mandatory life sentence for first-degree murder does not violate the constitutional guarantee against cruel or unusual punishment. The Court determined that the term of imprisonment was proportionate to the offense; the punishment exacted in Michigan was not contended to be significantly different from that imposed in other

states; and finally, the policy factors of deterrence and prevention of further injury to the public were satisfied by the punishment.

To determine whether the punishment imposed by the felony-firearm statute satisfies the proportionality test, it is necessary to examine the punishments imposed by similar statutes. The maximum punishment imposed for carrying a concealed weapon, MCL 750.227; MSA 28.424, is five years. The maximum term of imprisonment for carrying a dangerous weapon with unlawful intent, MCL 750.226; MSA 28.423, is also five years. The crime of simple assault, MCL 750.81; MSA 28.276, is a misdemeanor, with a maximum term of imprisonment of three months. Felonious assault, MCL 750.82; MSA 28.277, which is a simple assault committed with a dangerous weapon, is a felony with a maximum allowable punishment of four years. When the two-year term of imprisonment imposed by the felony-firearm statute is compared to similar crimes, the punishment exacted satisfies the test of proportionality.

The statute passes the "decency test" as well. An examination of similar statutes of other states does not indicate that Michigan provides a harsher penalty. In Alaska, using or carrying a firearm during certain specified felonies is punishable by not less than ten years imprisonment for conviction of a first offense and not less than 25 years upon conviction for a second or subsequent offense, Alas Stat 11.15.295. The use or possession of a firearm during any felony constitutes a separate felony calling for a consecutive sentence of from three to ten years in the State of Nebraska, Neb Rev Stat § 28-1011.21. In Tennessee, employing a firearm in the commission of a felony is punishable by not less than one year nor more than five years, Tenn Code Ann § 39.4914. The Nevada stat-

ute provides that any person who "uses a firearm or other deadly weapon in the commission of a crime shall be punished by imprisonment in the state prison for a term equal to and in addition to the term of imprisonment prescribed by statute for such crime". The punishment is to run consecutively with the sentence prescribed by statute for the crime and does not apply where the use of a firearm or weapon is a necessary element of the crime, Nev Rev Stat 193.165. The Michigan two-year sentence is well within the limits of penalties imposed for the offense in question by legislatures across the country.

Finally, the two-year sentence is sufficiently brief so that the goal of rehabilitation can be served. The goal of deterrence also is satisfied.

Because the two-year term of imprisonment imposed by the felony-firearm statute satisfies the three tests set forth in *People v Lorentzen, supra,* and does not "shock the conscience", we conclude that the punishment does not violate the constitutional prohibition against cruel or unusual punishment.

## II

*Does conviction of both felonious assault and possession of a firearm during the commission of a felony constitute a violation of double jeopardy?*

We find no violation of double jeopardy, relying on the recently decided Michigan Supreme Court case of *Wayne County Prosecutor v Recorder's Court Judge,* 406 Mich 374; 280 NW2d 793 (1979).

## III

*Do the convictions in both Detroit Recorder's*

*Court and the City of Warren District Court, arising out of the same transaction or occurrence, constitute a double jeopardy violation?*

Meeks was convicted in Detroit Recorder's Court of felonious assault and possession of a firearm during the commission of a felony after already pleading guilty in the 37th District Court for the City of Warren to a charge of conspiracy to commit a misdemeanor: reckless use or handling of a firearm, MCL 750.157a, 752.a863; MSA 28.354(1), 28.436(24), an offense arising out of the same "transaction" as the Recorder's Court offenses. To satisfy the constraints of double jeopardy, the prosecutor must, except in limited circumstances, join at one trial all charges against a defendant arising out of a single criminal act, occurrence, or transaction. *People v White,* 390 Mich 245; 212 NW2d 222 (1973). A defendant, however, waives his right to a single trial on more than one criminal charge where he has pled guilty to one or more of the charges with an awareness that the prosecutor plans to proceed to trial on the other charge or charges. *People v Goans,* 59 Mich App 294; 229 NW2d 422 (1975). This exception has been carved out of the "same transaction" test, as preventing a trial on the remaining charge or charges does not further the policy behind the double jeopardy clause of protecting a defendant from harassment. See *People v Goans, supra, People v Kenneth Smith,* 69 Mich App 537; 245 NW2d 125 (1976). A reading of the transcript of the Warren District Court proceeding clearly indicates that Meeks pled guilty to the Warren charge while aware of the pending charges in Detroit Recorder's Court. As a result, he has waived any double jeopardy protection.

## IV

*Does the mandatory sentencing provision of the*

*felony-firearm statute violate the separation of powers clause of Const 1963, art 3, § 2?*

An argument that the mandatory nature of the sentence provision of the felony-firearm statute violates the separation of powers clause because it precludes a trial judge from exercising discretion in sentencing is without merit. The Legislature is free to retain or delegate sentencing discretion when defining offenses and setting punishment. *People v Hall, supra,* at 658. In *Hall,* the Michigan Supreme Court held that a mandatory life sentence for first-degree murder did not offend the separation of powers clause. See also *People v Palm,* 245 Mich 396; 223 NW 67 (1929).

V

*Does the felony-firearm statute violate Const 1963, art 4, § 25 for attempting to amend or alter existing law by implication?*

This challenge to the felony-firearm statute was considered recently by this Court in *People v Walter Johnson,* 85 Mich App 654; 272 NW2d 605 (1978). The Court said at 659:

"It is also contended by defendants that the felony-firearm statute violates the state constitutional prohibition against revising, altering or amending other statutes by implication.

"The article of the constitution which defendants here claim is violated by the felony-firearm statute is Mich Const 1963, art 4, § 25, which provides:

" 'No law shall be revised, altered or amended by reference to its title only. The section or sections of the act altered or amended shall be reenacted and published at length.'

The rationale behind this prohibition was reviewed by

the Supreme Court in *Advisory Opinion re Constitutionality of 1972 PA 294* [389 Mich 441; 208 NW2d 469 (1973)], which was rendered in response to a request by the Governor and the Senate for an advisory opinion as to the constitutionality of 1972 PA 294."

This Court went on to say that the Supreme Court made it clear that all amendment by implication is not prohibited by the Constitution and that if an act is complete within itself, it does not fall within the constitutional prohibition. The Court found that the felony-firearm statute was complete within itself, requiring reference to no other statute for its meaning, in that it does not alter or amend another statute by reference to its title. Accordingly, the statute was found to be constitutional.

We remand to the trial court for imposition of the mandatory two-year consecutive sentence for defendant's conviction pursuant to the felony-firearm statute.