PEOPLE v STEWART

Docket No. 73127. Submitted July 17, 1984, at Lansing.—Decided
    November 6, 1984. Leave to appeal denied, 421 Mich 862.

Jay J. Stewart, while driving a Jeep, attempted to pass another
    vehicle. In doing so, he struck and severely injured a bicyclist.
    Stewart was charged in district court with driving under the
    influence of liquor in violation of a Davison Township ordi-
    nance. Stewart pled nolo contendere to the charge and was
    sentenced to 90 days in jail, Gerald Snodgrass, J. Shortly
    thereafter, Stewart was arraigned in district court on a charge
    of felonious driving in connection with the same incident.
    Stewart moved to quash the information on the ground that
    charging him with felonious driving constituted double jeop-
    ardy. The motion was denied, Harry Newblatt, J., and defen-
    dant was bound over for trial in Genesee Circuit Court. Defen-
    dant appealed the denial of his motion to quash by filing an
    interlocutory appeal in the circuit court, which, following a
    hearing, upheld the decision of the district court. Following
    trial, a jury found defendant guilty of felonious driving and he
    was sentenced, Donald R. Freeman, J. Defendant appeals from
    his conviction and sentence. *Held:*

    The constitutional guarantee against double jeopardy prohib-
    its the state from seeking a subsequent prosecution for a second
    offense arising out of a criminal episode where the defendant
    has already been convicted of one offense arising out of that
    episode and the laws involved are designed to address the same
    evil. Defendant's district court conviction on the driving under
    the influence charge precluded his being tried for felonious
    driving in circuit court. The circuit court's decision is reversed
    and defendant's felonious driving conviction is vacated.

    Reversed.

REFERENCES FOR POINTS IN HEADNOTES
[1, 5] 21 Am Jur 2d, Criminal Law § 244 *et seq.*
[2, 3] 21 Am Jur 2d, Criminal Law § 278.
[4] 21 Am Jur 2d, Criminal Law § 461.
    Guilty plea as basis of claim of double jeopardy in attempted
        subsequent prosecution for same offense. 75 ALR2d 683.
[5] 20 Am Jur 2d, Courts §§ 128, 132.

1. CONSTITUTIONAL LAW — DOUBLE JEOPARDY.

   The constitutional guarantee against double jeopardy consists of three separate protections: the state is prohibited from seeking a second prosecution for the same offense both after acquittal and after conviction and it is prohibited from imposing multiple punishments for the same offense (US Const, Ams V, XIV; Const 1963, art 1, § 15).

2. CONSTITUTIONAL LAW — DOUBLE JEOPARDY — SAME TRANSACTION TEST.

   The Double Jeopardy Clause requires the prosecution, except in most limited circumstances, to join at one trial all the charges against a defendant that grow out of a single criminal act, occurrence, episode, or transaction (US Const, Ams V, XIV; Const 1963, art 1, § 15).

3. CRIMINAL LAW — CONSTITUTIONAL LAW — JOINDER — SAME TRANSACTION TEST — CRIMES WITHOUT CRIMINAL INTENT.

   Criminal charges against a defendant involving crimes which do not involve criminal intent and which arise out of the same transaction must be joined at one trial where they are part of the same criminal episode and violate laws intended to prevent the same or similar harm or evil, not a substantially different kind of harm or evil.

4. CRIMINAL LAW — CONSTITUTIONAL LAW — DOUBLE JEOPARDY — SAME TRANSACTION RULE — GUILTY PLEAS — WAIVER.

   A defendant waives his right to a single trial on two criminal charges arising out of the same transaction where he has offered a guilty plea to one charge while the other is still pending and the defendant is fully aware that the prosecutor intends to proceed to trial on the other charge.

5. CRIMINAL LAW — CONSTITUTIONAL LAW — MULTIPLE CRIMES — MULTIPLE PROSECUTIONS.

   Rules allocating jurisdiction to try criminal offenses between the several courts of the state must be subordinated to a defendant's constitutional right not to be put twice in jeopardy for the same offense; thus, when two or more jurisdictions may try a defendant for a criminal transaction, the first to obtain jurisdiction does so to the exclusion of the others.

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, *Robert E. Weiss,* Prosecuting Attorney, *Donald A. Kuebler,* Chief, Appel-

late Division, and *Edwin R. Brown,* Assistant Prosecuting Attorney, for the people.

*Richard J. Drew,* for defendant on appeal.

Before: Danhof, C.J., and D. E. Holbrook, Jr., and C. W. Simon, Jr.,* JJ.

Danhof, C.J. Defendant appeals as of right his jury-based conviction for felonious driving, MCL 752.191; MSA 28.661, claiming error in five respects. Defendant was sentenced to 16 to 24 months' imprisonment. We find one issue dispositive in reversing defendant's conviction and therefore decline to address the other allegations of error.

On June 11, 1982, defendant was operating a Jeep in Genesee County. While attempting to pass another vehicle, defendant struck a 13-year-old bicyclist, causing severe and disabling injuries to the bicyclist. Defendant was subsequently charged in district court by traffic citation with driving under the influence of liquor, contrary to § 5.15 of Davison Twp Ordinance No. 44. On June 29, 1982, defendant entered a plea of nolo contendere to this charge. The district court sentenced him to 90 days in the county jail.

On August 17, 1982, defendant was charged by information with felonious driving. He was found guilty by jury trial and duly sentenced. Before trial, defendant moved the district court to quash the information on the ground that charging him with felonious driving constituted double jeopardy. This motion was denied. Defendant filed an interlocutory appeal in the circuit court, where the motion to quash was similarly denied. We, however, on defendant's appeal from his conviction

---

* Circuit judge, sitting on the Court of Appeals by assignment.

and sentence, agree that charging him with felonious driving constituted double jeopardy and reverse his conviction.

The ordinance under which defendant was charged provides in pertinent part as follows:

"R 28.1415 Sec. 5.15. Driving under the influence of intoxicating liquor or a controlled substance.

"(1) It shall be unlawful and punishable as provided in subsections (3) and (4) of this section for a person, whether licensed or not, who is under the influence of intoxicating liquor or a controlled substance, or a combination thereof, to drive a vehicle upon a highway or other place open to the general public, including an area designated for the parking of motor vehicles, within this state. A peace officer may, without a warrant, arrest a person when the peace officer has reasonable cause to believe that the person was, at the time of an accident, the driver of a motor vehicle involved in the accident and was driving the vehicle on a public highway of this state while under the influence of intoxicating liquor.

\* \* \*

"(3) A person who is convicted of a violation of subsection (1) or (2) of this section may be punished by imprisonment for not more than 90 days or by a fine of not less than $50.00 nor more than $100.00, or both, together with the costs of the prosecution.

"(4) Upon a second conviction under this section or a local ordinance substantially corresponding to this section, a person shall be guilty of a misdemeanor which is punishable by imprisonment for not more than 1 year and, in the discretion of the court, a fine of not more than $1,000.00.

"(5) Upon a third or subsequent conviction, within a period of 10 years, under this section or a local ordinance substantially corresponding to this section, a person shall be guilty of a felony." Davison Twp Ordinance No. 44, § 5.15.

The felonious driving statute states:

"Sec. 1. Every person who drives any vehicle upon a highway carelessly and heedlessly in wilful and wanton disregard of the rights or safety of others, or without due caution and circumspection and at a speed or in a manner so as to endanger or be likely to endanger any person or property and thereby injuring so as to cripple any person, but not causing death, shall be guilty of the offense of felonious driving and upon conviction thereof shall be sentenced to pay a fine not exceeding one thousand [1,000] dollars or to imprisonment in the state prison not exceeding two [2] years or by both fine and imprisonment in the discretion of the court." MCL 752.191; MSA 28.661.

The constitutional guarantee against double jeopardy, US Const, Ams V, XIV; Const 1963, art 1, § 15, consists of three separate protections. The state is prohibited from seeking a second prosecution for the same offense both after acquittal and after conviction, and it is prohibited from imposing multiple punishments for the same offense. *People v Wakeford,* 418 Mich 95, 103, fn 5; 341 NW2d 68 (1983). Because defendant's actions here constituted two separate criminal violations and because the instant appeal involves the state's attempt to bring subsequent charges against defendant after he had been convicted of an offense arising from the same action, both the "subsequent prosecution" and the "multiple punishment" strains of double jeopardy protection are implicated. Compare *People v White,* 390 Mich 245; 212 NW2d 222 (1973) (subsequent prosecutions), with *People v Carter,* 415 Mich 558; 330 NW2d 314 (1982) (multiple punishments). However, we resolve the instant case on the basis of defendant's subsequent prosecution.

In *White, supra,* our Supreme Court adopted the "same transaction" test outlined in Justice Brennan's concurring opinion in *Ashe v Swenson,* 397

US 436; 90 S Ct 1189; 25 L Ed 2d 469 (1970). The
following passage from Justice Brennan's opinion
was quoted in *White, supra,* and sets forth the
relevant considerations:

" 'The Double Jeopardy Clause is a guarantee "that
the State with all its resources and power [shall] not be
allowed to make repeated attempts to convict an indi-
vidual for an alleged offense, thereby subjecting him to
embarrassment, expense and ordeal and compelling
him to live in a continuing state of anxiety and insecu-
rity * * *." *Green v United States,* 355 US 184, 187 [78
S Ct 221; 2 L Ed 2d 199; 61 ALR2d 1119] (1957). This
guarantee is expressed as a prohibition against multiple
prosecutions for the "same offence."

*        *        *

" 'In my view, *the Double Jeopardy Clause requires
the prosecution, except in most limited circumstances,
to join at one trial all the charges against a defendant
that grow out of a single criminal act, occurrence,
episode, or transaction.* This "same transaction" test of
"same offence" not only enforces the ancient prohibi-
tion against vexatious multiple prosecutions embodied
in the Double Jeopardy Clause, but responds as well to
the increasingly widespread recognition that the consol-
idation in one lawsuit of all issues arising out of a
single transaction or occurrence best promotes justice,
economy, and convenience.' 397 US 436, 450-454; 90 S
Ct 1189, 1197-1199; 25 L Ed 2d 469, 479-481. (Footnotes
omitted.)" (Emphasis added.) 390 Mich 253-254.

Our Supreme Court embraced the "same trans-
action" test in *White, supra,* stating:

"Under the facts of the present case, the same trans-
action test provides the only meaningful approach to
the constitutional protection against being placed twice
in jeopardy. * * *.

"The use of the same transaction test in Michigan
will promote the best interests of justice and sound
judicial administration. In a time of overcrowded crimi-

nal dockets, prosecutors and judges should attempt to bring to trial a defendant as expeditiously and economically as possible. A far more basic reason for adopting the same transaction test is to prevent harassment of a defendant. The joining of all charges arising out of the same criminal episode at one trial '* * * will enable a defendant to consider the matter closed and save the costs of redundant litigation.' It will also help '* * * to equalize the adversary capabilities of grossly unequal litigants' and prevent prosecutorial sentence shopping. 'In doing so, it recognizes that the prohibition of double jeopardy is for the defendant's protection.' 41 Mich App 370, 378; 200 NW2d 326, 330 (1972)." (Footnotes omitted.) 390 Mich 257-259.

The "same transaction" test was further refined in *Crampton v 54-A Dist Judge,* 397 Mich 489, 502; 245 NW2d 28 (1976). In *Crampton,* the Supreme Court held that where one or more of the offenses does not involve criminal intent, such as in the instant case, the inquiry is whether the offenses are part of the same criminal episode *and* whether the offenses involve laws designed to address the same evil. We find that the present case is controlled by the rationale expounded in *White* and *Crampton.* Defendant, here, was charged with an ordinance violation and pled no contest on June 29, 1982. Thereafter on August 17, 1982, defendant was charged with felonious driving arising from the same June 11, 1982, incident. We express no opinion as to whether defendant could lawfully have been charged with both offenses under "multiple punishments" analysis at the initial trial. It is unnecessary to address this issue, for we do not believe the instant case presents an example of the "most limited circumstances" in which joinder at one trial of all charges is not required. The felonious driving charge was not pending at the time defendant pled no contest. See *People v Goans,* 59 Mich App 294; 229 NW2d 422 (1975). Nor was this

an instance where the crime had not yet been completed or discovered. *White, supra,* p 258, fn 6. Most important, we believe that the instant case involves "laws intended to prevent the same or similar harm or evil, not a *substantially different,* or a *very different kind of,* harm or evil." (Emphasis added; footnote omitted.) *Crampton, supra,* p 502.

Moreover, although the district court judge stated he was not accepting defendant's plea subject to the condition that the state was then precluded from pursuing other criminal matters arising from the same accident, defendant informed the court that he relied upon such being the case. The district court's disclaimer is of no consequence, since it is precisely this situation that was denounced in Justice Brennan's opinion in *Ashe, supra,* namely, "compelling [a defendant] to live in a continuing state of anxiety and insecurity". 397 US 450. It is also this type of situation which allows the prosecutor to engage in "sentence shopping". See *White, supra,* p 259.

Finally, *Goans, supra,* provides instruction on the instant set of facts. In that case, the defendant was charged with felonious driving and failure to stop at an accident involving a personal injury. The defendant was bound over to circuit court on the former charge, but the court found insufficient evidence to bind defendant over on the latter charge. Instead, the court entered a charge of failure to stop at an accident involving property damage. Defendant "promptly" pled guilty to this added charge. Thereafter in circuit court, defendant moved to quash the information on the felonious driving charge, relying upon *White, supra,* and the "same transaction" test. This Court held that *White* did not prevent "a trial on the charge *still pending*" and that "when the defendant offers

a guilty plea at a time when both charges are pending, *with the full awareness that the prosecutor intends to proceed to trial on the other charge,* he has waived his right to a single trial on both charges". 59 Mich App 296-297. This application of the *White* principle was specifically approved in *Crampton, supra,* p 502, fn 8.

The converse of this rule applies to the instant situation where no charges were pending. "When two or more * * * jurisdictions may try a defendant for a criminal transaction, the first to obtain jurisdiction does so to the exclusion of the others." *White, supra,* p 260, fn 10, quoting with approval this Court's position in *People v White,* 41 Mich App 370, 380; 200 NW2d 326 (1972). Defendant's misdemeanor (ordinance violation) conviction precluded his being tried for felonious driving in circuit court.

We reverse the lower court's decision and vacate defendant's conviction for felonious driving.