PEOPLE v PHEBUS

Docket No. 98057. Submitted October 21, 1987, at Lansing. Decided December 11, 1987.

George T. Phebus was arrested and was charged with the misdemeanor of disorderly conduct under a City of Jackson ordinance. Phebus pled guilty to that charge and was sentenced. Thereafter Phebus was charged with the felony of malicious destruction of property with a value over $100. The felony charge arose out of the same transaction which resulted in the misdemeanor charge. After being bound over on the felony charge, defendant moved in Jackson Circuit Court to quash the information, arguing that the felony prosecution was barred by the double jeopardy clauses of the state and federal constitutions. The Jackson Circuit Court, Gordon W. Britten, J., granted defendant's motion. The prosecution appealed.

The Court of Appeals held:

Since the misdemeanor charge did not require a showing of criminal intent and the felony charge did require such a showing, a conviction on the former charge would bar conviction on the latter charge only if the respective laws were intended to prevent the same or similar harm or evil. The disorderly conduct ordinance and the malicious destruction statute were not intended to prevent a similar harm or evil; accordingly, the conviction on the misdemeanor charge would not bar the prosecution of the felony charge.

Reversed and remanded.

M. J. Kelly, P.J., dissented. He would hold that it is impossible to determine whether the harm or evil addressed under the ordinance and statute were substantially or very different.

Criminal Law — Double Jeopardy — Same Transaction Rule — Disorderly Conduct — Malicious Destruction of Property.

Conviction for the city ordinance misdemeanor of disorderly

References

Am Jur 2d, Criminal Law §§ 20, 266 et seq.

Limitations under double jeopardy clause of Fifth Amendment upon state criminal prosecutions—Supreme Court cases. 67 L Ed 2d 831.

Subsequent trial, after stopping former trial to try accused for greater offense, as constituting double jeopardy. 6 ALR3d 905.

conduct does not preclude a later prosecution for the felony of malicious destruction of property with a value over $100, even if both charges arise out of a continuing transaction, since the felony charge requires a showing of criminal intent while the misdemeanor charge does not and the laws involved were intended to prevent different kinds of evils or harms (MCL 750.377a; MSA 28.609[1]).

*Frank J. Kelley*, Attorney General, *Louis J. Caruso*, Solicitor General, *Joseph S. Filip*, Prosecuting Attorney, and *Jerrold Schrotenboer*, Chief Appellate Attorney, for the people.

*Rappleye & Wilkins* (by *Richard L. Wilkins*), for defendant.

Before: M. J. KELLY, P.J., and DOCTOROFF and J. T. CORDEN,* JJ.

J. T. CORDEN, J. The prosecution appeals as of right from an order of the circuit court quashing the information charging defendant with malicious destruction of property with a value over $100, MCL 750.377a; MSA 28.609(1), on the ground that it was barred by the double jeopardy clause. US Const, Am V; Const 1963, art 1, § 15. We reverse the quashing of the information.

On March 24, 1986, defendant was arrested and charged with disorderly conduct. Jackson City Code, § 9.62(9). The charge arose out of an incident which took place that same day between defendant and his ex-wife's friend, Larry Bynum, Sr. Defendant followed Bynum's car and drove his truck into the rear of Bynum's car. After a number of collisions between the two vehicles, the two men stopped at an intersection, got out of their vehicles, exchanged racial remarks, and engaged in a

* Circuit judge, sitting on the Court of Appeals by assignment.

fight. The police arrived and both men were arrested and charged with disorderly conduct, a misdemeanor.

On March 25, 1986, defendant appeared before a district court judge and entered a plea of guilty to the disorderly conduct charge. The judge assessed costs and a $45 fine, and sentenced defendant to eight days in jail. The following day defendant was charged with malicious destruction of property with a value over $100. MCL 750.377a; MSA 28.609(1). A preliminary examination was held on April 16, 1986, and defendant was bound over to stand trial on the felony charge. Thereafter, defendant moved to quash the information on the ground that the second prosecution was barred by double jeopardy. In an order dated December 19, 1986, the circuit court granted defendant's motion to quash the information on double jeopardy grounds, citing the test set forth in *Crampton v 54-A District Judge,* 397 Mich 489; 245 NW2d 28 (1976).

On appeal, the prosecution argues that double jeopardy does not bar the prosecution of the felony of malicious destruction of property with a value over $100. We agree. Under the test set forth in *Crampton, supra,* double jeopardy does not act as a bar to the second charge.

The double jeopardy clause requires the prosecutor, except in limited circumstances, to join at one trial all charges against a defendant that grow out of a single criminal act, occurrence, episode or transaction. In *Crampton v 54-A District Judge, supra* at 502, our Supreme Court held that where one or more of the offenses does not involve criminal intent, the inquiry is whether "the offenses are part of the same criminal episode, and whether the offenses involve laws intended to prevent the

same or similar harm or evil, not a substantially different, or a very different kind of, harm or evil."

It is clear that *Crampton, supra,* applies to the above situation. Malicious destruction of property is a specific intent crime, whereas disorderly conduct requires no intent. Additionally, the two offenses grew out of the same incident. Defendant hit Bynum's vehicle, the two men exchanged words, and a fight ensued.

However, the two laws are intended to prevent different kinds of evils or harms; and, thus, double jeopardy does not bar the second prosecution. The purpose of the malicious destruction of property statute is the protection of property. *People v Feldscher,* 146 Mich App 49, 52; 380 NW2d 50 (1985). The purpose of the disorderly conduct statute is to prevent unlawful civil disturbances. *Crampton, supra* at 506.

Since the purposes behind the two statutes are dissimilar, we hold that double jeopardy does not bar defendant's prosecution for malicious destruction of property with a value over $100. MCL 750.377a; MSA 28.609(1). The circuit court erred in quashing the information.

Reversed and remanded for a trial on the charge of malicious destruction of property with a value over $100.

M. J. KELLY, P.J. *(dissenting).* This is a successive prosecution case. These cases are difficult to analyze, but the prosecution urged at argument that the defendant was somehow blameworthy for rushing to enter his misdemeanor guilty plea on the day following the criminal episode. I do not perceive that it would make a great deal of difference if defendant entered his plea on the next day or the next week or month. This is not analogous to a defendant's waiving his right to a single trial

as required in *People v White,* 390 Mich 245; 212 NW2d 222 (1973), when the multiple charges are pending against him at the time of his plea. *People v Goans,* 59 Mich App 294; 229 NW2d 422 (1975).

The only bright line I can see cutting this case away from the *People v White* mandate is that correctly relied upon by the majority analyzing *Crampton v 54A District Judge,* 397 Mich 489, 502; 245 NW2d 28 (1976), i. e., whether the two "offenses involve laws intended to prevent the same or similar harm or evil, not a substantially different, or a very different kind of, harm or evil." This is the ground on which the circuit judge's analysis is exactly contrary to the analysis of the majority. I agree with the circuit judge that the "two offenses do not involve laws which are designed to protect against a very different kind of evil . . . ."[1] Cate-

---

[1] The circuit court held:

> The transactional approach of *People v White, supra,* is a focus on whether or not the different offenses involve a continuous time sequence and display of a single intent or goal. But the test is difficult to apply when dealing with two or more offenses where one or more do not require a criminal intent. *Crampton v 54-A District Judge,* 397 Mich 489; 245 NW2d 28 (1976). *Crampton* refined the same transaction test in such a case to focus on whether the offenses are part of the same criminal episode and whether the offenses involve laws designed to address the same evil or a very different kind of evil.
>
> Herein, creating a disturbance requires no specific criminal intent, yet the two offenses do not involve laws which are designed to protect against a very different kind of evil and, based on a review of the preliminary examination transcript, it is clear that the disturbance and destruction of property were part of the same criminal episode and were, in fact, inextricably entwined.
>
> It should be noted that the arresting officer was well advised by an eyewitness concerning what had transpired.
>
> A question which remains has not been addressed by counsel: Does the conviction for a misdemeanor offense bar a subsequent prosecution for a felony arising from the same transaction? In *People v Stewart,* 138 Mich App 629; 361 NW2d 16 (1984), the Michigan Court of Appeals, citing *People v White, supra,* held that jurisdictional restraints do not prevent the erection of the double jeopardy bar to further prosecution; of course, the

gorizing evils is a rugger's choice and should not determine the magistrate's bindover. I would leave to academia the metaphysical determination of the symmetry of the evils involved.[2] The constituent uniqueness of the evils sought to be protected against are beyond my facility for exegesis and I would therefore affirm.

---

defendant may still waive the right to a single trial on all charges by pleading guilty to one charge with full awareness that the prosecutor intends to proceed to trial on another charge *which is still pending. People v Goans,* 59 Mich App 294; 229 NW2d 422 (1975).

In cases which involve both misdemeanor and felony prosecutions, the decisions in *Crampton, Stewart,* and *Goans* have proceded to analyze double jeopardy in terms of the same transaction test with a focus on the evil that *People v White* sought to prevent, i.e., seriatum prosecutions for offenses arising out of the same transaction.

Mr. Phebus tendered a guilty plea to the misdemeanor charge and such was accepted by the District Court. No felony charge was pending at that time and the prosecution may not proceed with another charge which involves an offense arising out of the same transaction.

The motion to quash is hereby granted.

2

When the people of the world all know beauty as beauty,
There arises the recognition of ugliness.
When they all know the good as good,
There arises the recognition of evil.

The Way of Lau Tzu, as translated in Wing-tsit Chan et al, *The Great Asian Religions* (New York: Macmillan, 1969), p 151.