PEOPLE v STIFF

Docket No. 125486. Submitted February 20, 1991, at Detroit. Decided
    April 3, 1991; approved for publication June 20, 1991, at 9:05
    A.M.

Jimmie Stiff was charged in the Detroit Recorder's Court with
    possession of less than twenty-five grams of heroin. The court,
    Michael J. Connor, J., granted the defendant's motion to dis-
    miss on the basis of double jeopardy, because the defendant had
    already pleaded guilty in district court of possession of a
    syringe, a city ordinance violation, and both offenses occurred
    at the same time. The people appealed.

The Court of Appeals *held:*

The court erred in dismissing the charge. Neither forum had
    jurisdiction over both offenses; therefore, the prosecution could
    not join both charges against the defendant at one trial. The
    offenses were different types of conduct subject to separate
    prohibitions.

Reversed and remanded.

CRIMINAL LAW — DOUBLE JEOPARDY — JURISDICTION — SAME TRANS-
    ACTION.

The same-transaction rule does not preclude a separate prosecu-
    tion in different courts of two offenses that occurred at the
    same time where the offenses concern different types of conduct
    subject to separate prohibition and neither court has jurisdic-
    tion over both of the offenses.

*Frank J. Kelley,* Attorney General, *Gay Secor
Hardy,* Solicitor General, *John D. O'Hair,* Prose-
cuting Attorney, *Timothy A. Baughman,* Chief of
Research, Training and Appeals, and *Thomas M.*

REFERENCES

Am Jur 2d, Criminal Law §§ 269, 277, 278, 284.

Conviction or acquittal of one offense, in court having no jurisdic-
    tion to try offense arising out of same set of facts, later charged
    in another court, as putting accused in jeopardy of latter offense.
    4 ALR3d 874.

*Chambers,* Assistant Prosecuting Attorney, for the people.

*Defenders' Office Legal Aid and Defender Association of Detroit* (by *Donald L. Johnson* and *Janet A. Hedin*), for the defendant on appeal.

Before: REILLY, P.J., and SHEPHERD and MARILYN KELLY, JJ.

PER CURIAM. Defendant pleaded guilty of possession of a syringe, narcotic paraphernalia, under a local ordinance. Detroit Ordinances, § 38-11-22. Defendant was given six months' probation and fined. Approximately one month later, a felony warrant was issued for defendant's arrest, charging one count of possession of less than twenty-five grams of heroin. MCL 333.7403(2)(a)(v); MSA 14.15(7403)(2)(a)(v). A Detroit Recorder's Court judge granted defendant's motion to dismiss the latter charge on the basis of double jeopardy because both offenses occurred at the same time. The people appeal as of right. We reverse, reinstate the charge, and remand.

The people contend that the court erred in dismissing the narcotic possession charge on grounds of double jeopardy. We agree.

In order to protect a defendant against double jeopardy, the prosecution is required to join at one trial all charges against the defendant that arise out of a continuous time sequence and display a single intent and goal. *People v Sturgis,* 427 Mich 392; 397 NW2d 783 (1986). However, in *People v Kretchmer,* 404 Mich 59; 272 NW2d 558 (1978), Justice MOODY recognized in his concurring opinion that an exception exists when more than one criminal offense has been charged arising out of the same transaction and they cannot be prose-

cuted in a single forum. *Id.* at 66-67. We agree that the exception applies in this case, because neither forum has jurisdiction over both crimes charged.

Defendant was charged with and pleaded guilty of a city ordinance violation. Jurisdiction of that proceeding was vested in the district court. MCL 600.8311(b); MSA 27A.8311(b). Prosecution of that violation was a matter for the city attorney. MCL 87.20; MSA 5.1677. The charge relating to the syringe could only have been brought under the local ordinance because state law prohibits the *sale* of a syringe, but not the *possession* of one. MCL 333.7451 *et seq.*; MSA 14.15(7451) *et seq.*

On the other hand, Detroit Recorder's Court was vested with jurisdiction over the felony charge under the controlled substances act. MCL 725.10a; MSA 27.3950(1). Prosecution of that offense was the responsibility of the county prosecutor's office. MCL 49.153; MSA 5.751. Because the statutory penalty for possession of the heroin exceeded one year in prison, the charge could not be brought in the district court. Detroit Ordinances, § 38-11-2. Neither forum had jurisdiction over both offenses. Thus, the prosecution could not join both charges against the defendant at one trial.

Nor are we persuaded that this case is controlled by *People v Stewart,* 138 Mich App 629; 361 NW2d 16 (1984), where another panel of this Court determined that the defendant's conviction in district court for driving under the influence of intoxicating liquor precluded his being tried in circuit court for felonious driving. The *Stewart* Court reasoned that the charges arose out of the same criminal act, and the laws under which the defendant was charged were intended to prevent the same or similar harm or evil. The Court further noted that when two or more jurisdictions may try a defendant for a criminal transaction,

the first to obtain jurisdiction does so to the exclusion of the others. *Id.* at 637. In contrast, the criminal acts complained of in this case were not dependent upon each other for prosecution, and were different types of conduct subject to separate prohibitions. Moreover, each activity was subject to prosecution in only one of the two jurisdictions.

The prosecution in Recorder's Court for possession of heroin is not barred by the doctrine of double jeopardy.

Reversed and remanded.