# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

Plaintiff-Appellee,

v

JAMES THOMAS WALTON,

Defendant-Appellant.

UNPUBLISHED
October 17, 2017

No. 332901
Genesee Circuit Court
LC No. 15-038485-FC

Before: SHAPIRO, P.J., and HOEKSTRA and M. J. KELLY, JJ.

PER CURIAM.

Defendant appeals as of right his jury trial convictions of assault with intent to do great bodily harm less than murder (AWIGBH), MCL 750.84, felon in possession of a firearm (felon-in-possession), MCL 750.224f, and possession of a firearm during the commission of a felony (felony-firearm), MCL 750.227b. Defendant was sentenced, as a second-offense habitual offender, MCL 769.10, to 47 months to 15 years' imprisonment for his AWIGBH conviction, 30 months to 7½ years' imprisonment for his felon-in-possession conviction, and a consecutive two years' imprisonment for his felony-firearm conviction. Because the trial court did not abuse its discretion by denying defendant's request for substitute counsel and defendant is not entitled to resentencing, we affirm.

According to the evidence introduced at trial, on September 8, 2015, defendant shot the victim, Joel Nelms. Nelms was struck by multiple bullets, and he spent several days in the hospital. The jury convicted defendant as noted above. Defendant now appeals as of right.

## I. SUBSTITUTION OF COUNSEL

On appeal, defendant asserts that the trial court abused its discretion by denying defendant's request for substitution of a court-appointed attorney prior to trial. Defendant argues that his attorney failed to visit him in jail, that his attorney's attitude was "arrogant and demeaning to defendant," and that counsel failed to "inspire confidence." In these circumstances, defendant contends that he is entitled to reversal of his convictions. We disagree.

"A trial court's decision regarding substitution of counsel will not be disturbed absent an abuse of discretion. A trial court abuses its discretion when its decision falls outside the range of reasonable and principled outcomes." *People v Strickland*, 293 Mich App 393, 397; 810 NW2d 660 (2011) (quotation marks omitted). "[T]he Sixth Amendment guarantees a defendant's right

-1-

to counsel." *People v Buie*, 298 Mich App 50, 67; 825 NW2d 361 (2012). With regard to the substitution of counsel, this Court has explained:

> An indigent defendant is guaranteed the right to counsel; however, he is not entitled to have the attorney of his choice appointed simply by requesting that the attorney originally appointed be replaced. Appointment of a substitute counsel is warranted only upon a showing of good cause and where substitution will not unreasonably disrupt the judicial process. Good cause exists where a legitimate difference of opinion develops between a defendant and his appointed counsel with regard to a fundamental trial tactic. [*People v Mack*, 190 Mich App 7, 14; 475 NW2d 830 (1991) (internal citations omitted).]

"The circumstances that would justify good cause rest on the individual facts in each case." *Buie*, 298 Mich App at 67. "When a defendant asserts that the defendant's assigned attorney is not adequate or diligent, or is disinterested, the trial court should hear the defendant's claim and, if there is a factual dispute, take testimony and state its findings and conclusion on the record." *Strickland*, 293 Mich App at 397 (quotation marks omitted). However, good cause requires more than a defendant's "general unhappiness" with the appointed attorney's representation and more than the fact that "a defendant lacks confidence" in the appointed attorney without substantial reason. *Id.* at 398. Furthermore, "a defendant's conviction will not be set aside, even in the absence of judicial consideration of the defendant's allegation, if 'the record does not show that the lawyer assigned to represent the defendant was in fact inattentive to his or her responsibilities.' " *Buie*, 298 Mich App at 67 (citation and brackets omitted).

In this case, attorney Major White was originally appointed as defendant's trial counsel. On November 6, 2015, the trial court replaced White with attorney David Clark, although the record is absent as to its reason for the change. A preliminary examination occurred on November 12, 2015, where Clark cross-examined the prosecution's only witness. At a pretrial hearing on February 9, 2016, defendant asked for the re-appointment of attorney White. Defendant asserted that Clark was "so busy" and "tied up" with other cases. According to defendant, Clark failed to visit him in jail and the only time he saw Clark was during court proceedings. However, Clark then pointed out that he saw defendant in jail the day before, and defendant conceded this point. Clark admitted that he was busy with various cases, but he asserted that only someone straight out of law school would have unlimited time to devote to a single case. Clark also made clear that he would have additional conversations with defendant in the future. The trial court rejected defendant's request for new counsel, noting that appointed attorneys are all busy with different cases. Additionally, the trial court instructed Clark that if defendant wished to pursue a new attorney, the court would consider a motion to withdraw. No such motion was ever made.

Fairly read, it appears that defendant's aim was the reappointment of attorney White; but, absent a showing of good cause for the removal of attorney Clark, defendant was not entitled to the appointment of a different attorney. *Mack*, 190 Mich App at 14. And, defendant has not shown good cause. Defendant's only substantive complaint about Clark was that counsel failed to visit him in jail. But, in actuality, Clark had visited defendant in jail, meaning that defendant's lack-of-contact claim is without merit. Cf. *Strickland*, 293 Mich App at 398. Further, Clark's comments made clear that he would have additional meetings with defendant. While defendant

claims that counsel's attitude was demeaning and that counsel did not inspire confidence, defendant's general unhappiness or lack of confidence did not merit the appointment of substitute counsel. *Id.* Moreover, ultimately, there is nothing in the record to indicate that Clark was unprepared, inadequate, disinterested, or lacking in diligence. See *Buie*, 298 Mich App at 68-69; *Strickland*, 293 Mich App at 397. To the contrary, Clark appeared well-prepared to represent defendant. He presented thorough opening and closing statements, vigorously cross-examined witnesses, and presented witnesses on behalf of the defense.[1] In these circumstances, the trial court did not abuse its discretion by denying defendant's request for substitute counsel, *Strickland*, 293 Mich App at 397-398, and defendant is not entitled to the reversal of his convictions on appeal, *Buie*, 298 Mich App at 67.

## II. UNREASONABLE SENTENCE

Relying on *People v Lockridge*, 498 Mich 358, 392; 870 NW2d 502 (2015), defendant contends that his sentence was "unreasonable" and disproportionate. Defendant's argument is without merit.

Under *Lockridge*, "[a] sentence that *departs* from the applicable guidelines range will be reviewed by an appellate court for reasonableness." *Id.* at 392 (emphasis added). See also *People v Steanhouse*, __ Mich __, __; __ NW2d __ (2017) (Docket No. 153671); slip op at 5. In comparison, under MCL 769.34(10), "[i]f a minimum sentence is within the appropriate guidelines sentence range, the court of appeals shall affirm that sentence and shall not remand for resentencing absent an error in scoring the sentencing guidelines or inaccurate information relied upon in determining the defendant's sentence." "*Lockridge* did not alter or diminish MCL 769.34(10)." *People v Schrauben*, 314 Mich App 181, 196 n 1; 886 NW2d 173 (2016). Consequently, even after *Lockridge*, it remains true that, absent a scoring error or reliance on inaccurate information, a sentence within the applicable advisory recommended minimum sentence range is "presumptively proportionate and must be affirmed." *People v Jackson*, __ Mich App __, __; __ NW2d __ (2017) (Docket No. 332307); slip op at 8.

In this case, defendant's advisory sentencing guideline range for AWIGBH was 19 to 47 months, and the trial court sentenced defendant to 47 months to 15 years. In other words, defendant was not subject to a departure sentence. Defendant has presented no unusual circumstances that would render this presumptively proportionate sentence disproportionate. See *People v Bowling*, 299 Mich App 552, 558; 830 NW2d 800 (2013). Thus, because he has not challenged the accuracy of the information relied on by the trial court or identified a scoring

---

[1] Indeed, defense counsel's efforts were not wholly unsuccessful. Defendant was charged with assault with intent to commit murder (AWIM), MCL 750.83, but the jury returned a guilty verdict with regard to the lesser included offense of AWIGBH. The jury also found defendant not guilty of carrying a concealed weapon, MCL 750.227.

error, his sentence within the advisory sentencing guideline range must be affirmed.[2] MCL 769.34(10); *Jackson*, slip op at 8; *Schrauben*, 314 Mich App at 196.

Affirmed.

/s/ Douglas B. Shapiro
/s/ Joel P. Hoekstra
/s/ Michael J. Kelly

---

[2] To the extent defendant briefly references his sentences for felon-in-possession and felony-firearm, his argument is undeveloped and, in any event, he is not entitled to relief. Felony-firearm is subject to a mandatory 2-year sentence, which the trial court properly imposed in this case. MCL 750.227b(1). See also *People v Meeks*, 92 Mich App 433, 440; 285 NW2d 318 (1979). With regard to felon-in-possession, defendant was sentenced to 30 months to 7½ years' imprisonment where the guidelines for a class E offense would be 7 to 28 months. See MCL 777.66; MCL 777.21(3)(a); MCL 777.16m. However, notably, this sentence for felon-in-possession is to run concurrent to defendant's sentence for AWIGBH. Felon-in-possession is a lower-crime-class offense than AWIGBH, and defendant's felon-in-possession sentence falls within the statutory maximum for felon-in-possession for a second-offense habitual offender. MCL 750.224f(5); MCL 769.10(1)(a); MCL 777.16d; MCL 777.16m. In these circumstances, the guidelines for felon-in-possession are subsumed by the guidelines for AWIGBH, meaning that the guidelines for felon-in-possession need not be scored and defendant's sentence for felon-in-possession is not a departure sentence. See *People v Lopez*, 305 Mich App 686, 691-692; 854 NW2d 205 (2014). In short, because defendant is subject to a longer concurrent sentence for AWIGBH, any arguments relating to defendant's sentence for felon-in-possession cannot have any practical legal effect and defendant's argument is simply moot. *People v Fisk*, 491 Mich 935; 815 NW2d 123 (2012) (KELLY, J., concurring). See also *People v Richmond*, 486 Mich 29, 34-35; 782 NW2d 187 (2010).